[No. 1529. Decided February 8, 1895.]

SCOTT KREMER *et al.*, *Appellants*, v. W. WALTON *et al.*, *Respondents*, LYSANDER SMITH *et al.*, *Appellants*.

MECHANICS' LIENS — BUILDING ON LEASED LAND — LIABILITY OF LESSOR.

Where a building has been erected and paid for by a lessee under an agreement that the lessor would repay the cost thereof by allowing the retention of the rents by the lessee, the interest of the owner as well as that of the lessee, is subject to liens for work and materials furnished for the building. ( SCOTT, J., dissents.)

*Appeal from Superior Court, Yakima County.*

*Frank H. Rudkin, Jones & Newman,* and *McKinnon & Murane,* for appellants.

*Whitson & Parker,* and *D. H. Carey,* for respondents.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to foreclose the liens of certain mechanics and material-men who had performed labor and furnished material in the erection of a certain brick building upon property which at the time belonged to J. M. Ashton. The work was done and materials furnished at the instance of one O. W. Johnson. His relations to the property and to Ashton, the owner, were evidenced by certain correspondence by mail and telegraph which had been had between him and said Ashton.

In his testimony upon the trial said Ashton made it appear that he had no knowledge of the fact that said Johnson had entered upon the erection of the building until after the labor and materials for which the liens were claimed had been furnished. Such testimony is conclusive, so far as the understanding of said Ashton was concerned, but can have little weight in determin-

ing the contract relations between him and said
Johnson, for the reason that such relations must be
determined by the construction of the correspondence
above referred to, regardless of what may have been
the intention of the owner.   From such correspondence
we are forced to the conclusion that said Johnson, and
those dealing with him, had a right to assume that
said Ashton had consented to the erection of the build-
ing by said Johnson, in pursuance of the terms of a
letter written by said Ashton to said Johnson, which
was in substantially the following form:

"DEAR SIR: Referring to our conversation here of
this date, I am willing to make you a lease of my lot
adjoining the premises now occupied by you at North
Yakima upon the following terms and conditions:
You to construct thereon, under my supervision and
subject to my approval, a one-story brick building con-
formable to the ordinances of said city; and, in addi-
tion thereto, the side nearest the depot to be at least
twenty inches in thickness, the rear wall to be at least
twelve inches and the front wall to be at least twenty
inches, said front wall to be built of or faced with
pressed brick of first-class quality, so as to give the
same a first-class and finished appearance, it being
understood that the northeast wall, or that farthest
away from the depot, shall be arranged by a party wall
contract between myself and the owner of the building
you are now occupying.   This contract shall be so as
to give me the right to insert joist into said wall and to
make me owner of one-half of his wall for the entire
height, so that in the event of my wanting to add an
additional story (which is the object of having the
twenty-inch wall at the side and front of the building
hereby contemplated) I will have the benefit by this
party wall contract of the wall of his second story
when putting up the second story upon the building
above mentioned.   I would want the work to be first-
class in every particular and well finished, but am
willing that you should arrange the doors and windows

at front and rear in such a way as to be of the utmost
convenience to yourself. It is understood in this ar-
rangement that the building which is to be constructed
shall not exceed in value the sum of $1,500.00 when
fully finished, ready for your fixtures and furnishings.
I am further willing that the cost of this building,
when paid by you, shall be repaid by me to you by ap-
plying your rental against the cost of the same upon
the following basis, to wit: The rental to be $25.00
per month, payable in advance, during the first year,
at the end of that time we to agree upon a proper
rental for the following year; and in the event of a
disagreement, each to select a man; and, in the event
of their disagreement, the two so selected to select a
third, the decision of any two of the men selected to
be binding upon us; their decision, in the case of our
disagreement as aforesaid, to fix the next or second
year, at the end of which time we are to fix the rental
for the third year and so on for the fourth year, our
being unable to agree, the rental to be fixed by dis-
interested parties to be selected as above mentioned. It
is understood that you are to ascertain the cost of the
building contemplated and let me know without delay;
also, time within which same can be completed, after
which we are to enter into a permanent agreement and
lease on the line above indicated. This letter to be
ineffectual until such cost, etc., is arranged.

Yours very truly,          J. M. Ashton."

Hence, it is to such letter that we must look in de-
termining the status existing between said Ashton and
said Johnson; and it is a matter of no significance
whether it be considered as in itself amounting to a
lease of the premises, or as a contract for a lease, since
the rights of a lien claimant would be the same whether
the property had been actually leased upon certain con-
ditions or had been taken possession of by virtue of a
contract for a lease with like conditions. In either
case the relation of landlord and tenant would exist.
It follows from these facts and from the decisions of

this court that, if the building was to be erected by the lessee himself, his interest as such lessee would be all that could be subjected to liens for work and materials furnished for said building.    See *Z. C. Miles Co. v. Gordon,* 8 Wash. 442 (36 Pac. 265).

On the other hand, if, by the terms of the lease, the building was to be erected and paid for by the lessor, he would be the one who was erecting, even although the lessee was to have the direction and control of the erection.    In our opinion, the terms and conditions of the lease were such that it must be held that the building was to be erected by the lessor.

It is true that, by its terms, the building was to be erected and paid for by the lessee in the first instance; but the lessor was to repay to the lessee the cost thereof, and for this reason it must be held that he assumed the same responsibility that he would if he had let a contract to a stranger for the erection of the building, under conditions which required him to fully pay the cost thereof before having the right to demand any payment from the owner.    The fact that the whole building was to be erected and paid for before any payments should be made by the owner would have no effect upon liens for labor and material furnished to the contractor.    The responsibility of the owner would be the same as under an ordinary contract which provided for payment by the owner to the contractor from time to time as the work progressed.

It follows that if the the terms of the contract between the lessor and the lessee had been that the lessee should erect the building and upon its erection should be entitled to demand and receive of the lessor the cost of such erection, the interest of the lessor would be subject to liens growing out of the erection of the building; and the fact that under the terms of

this agreement the money was to be paid by the lessor by the retention of rents by the lessee would not change the rights of the parties. Under the terms of the agreement the cost of the building was to fall upon the lessor to the same extent, in the end, as it would have done had he been called upon to pay the entire cost of such erection when the building was finished.

Under our construction of this contract of lease, it included an agreement between the lessor and lessee that the latter should erect for the former the building in question, and that for that reason the interest of the lessor, as well as that of the lessee, was subject to liens growing out of its erection. This seems to be the reasonable construction of the language of the agreement, and also consists with authority. See *Otis v. Dodd*, 90 N. Y. 336.

The judgment will be reversed, and the cause remanded with instructions to enter a decree subjecting the property to the liens, and ordering a sale thereof to satisfy the same.

ANDERS, DUNBAR and GORDON, JJ., concur.

SCOTT, J., dissents.