[No. 1529.   Decided December 9, 1896.]

SCOTT KREMER *et al.*, *Appellants*, v. W. WALTON *et al.*, *Respondents*, LYSANDER SMITH *et al.*, *Appellants*.

MECHANICS' LIENS — BUILDING ERECTED BY LESSEE — LIABILITY OF LESSOR.

The owner of land may be charged with mechanics' liens, through the construction of a building thereon by a lessee, when the contract between landlord and tenant, while in effect a lease, at the same time is equivalent to a building contract, authorizing the lessee to proceed with the construction as the agent of the owner.

Appeal from Superior Court, Yakima County.— Hon. CARROLL B. GRAVES, Judge.   Reversed.

*Frank H. Rudkin, Jones & Newman*, and *MacKinnon & Murane*, for appellants.

*Whitson & Parker*, and *D. H. Carey*, for respondents.

The opinion of the court was delivered by

ANDERS, J.—A rehearing was granted in this case upon the petition of the respondents Ashton and the Willapa Improvement Company, and on the argument it was earnestly contended that the opinion heretofore announced and which is reported in 11 Wash. 120 (39 Pac. 374), was erroneous, mainly for the reason that it did not appear from the record that the labor and material for which the appellants were awarded liens, was performed and furnished at the instance of the respondent Ashton, the owner of the lot on which the building in question was erected, or by his agent, as required by § 1 of the act of March 21, 1893 (Laws 1893, p. 32); and, if that be true, it follows of course that the decision was wrong and should now be corrected.

It has never been claimed by appellants that they were employed or requested by Mr. Ashton in person to perform the labor or furnish the materials for which they seek to establish liens on his premises. On the contrary, they have always admitted that they were employed by Johnson; but have insisted all along that Johnson was the agent of Ashton for the purpose of establishing the liens; and the decision of this court turned upon the question of agency between Johnson, the employer, and Ashton, the owner.

Now, an agent is generally understood to be a person employed to do an act or acts by another; but, in order that there might be no misunderstanding as to what the legislature meant by the word "agent," as used in the first section of the lien act above mentioned, they declare therein that "every contractor, sub-contractor, architect, builder or person having charge of the construction, alteration or repair of any property subject to the lien as aforesaid, shall be held to be the agent of the owner for the purposes of the establishment of the lien created by this act." It is conceded that Mr. Ashton was the owner of the lot at the time the labor and materials were furnished by appellants, and it is not disputed that Johnson was the builder and person having charge of the construction of the building, nor that the appellants performed the labor thereon and furnished the material therefor, mentioned in the respective lien claims which appear in the record herein. It therefore follows, as heretofore intimated, that, if by the terms of the contract between Ashton and Johnson the building when erected was to be paid for by the former and to become his property, both the building and the lot on which it was erected are subject to the liens

in favor of appellants, under the provisions of the statute.

Upon the former consideration of this case, the majority of the court came to the conclusion that, by a fair construction of the contract between Ashton and Johnson, whether viewed as a contract amounting to a lease, or simply as a contract for a lease, the building was to be erected and paid for by Mr. Ashton, not in cash, it is true, but — which amounts to the same thing — in rents to be retained by Johnson; and upon a further consideration and investigation we are still of the same opinion. The contract in question must be deemed to have been a contract in writing and was evidenced by the letter written by Mr. Ashton to Mr. Johnson set out in the opinion of this court, and a telegram from Johnson to Ashton, together with Ashton's reply thereto. About a month after the letter was received by Johnson, he telegraphed to Ashton at St. Paul that he had made arrangements for, or secured, his money and was ready to proceed with the construction of the building. To this the respondent Ashton replied " proceed," or "go-ahead," or words to that effect. Thereupon Johnson employed laborers, contracted for material and constructed a one-story brick building upon the lot referred to in Mr. Ashton's letter.

It was the province and duty of the court to determine the contractual relations between Ashton and Johnson from the contract itself; and hence this court, in its opinion, said, after alluding to the testimony of Mr. Ashton upon the trial that he had no knowledge of the fact that Johnson had entered upon the erection of the building until after the labor and materials for which liens were claimed had been furnished, that " such testimony  .  .  .  can have little weight in de-

termining the contract relations between him and said Johnson; for the reason that such relations must be determined by the construction of the correspondence above referred to, regardless of what may have been the intention of the owner." Of course, the court did not mean to say, or to be understood as saying, that the intention of the owner would not be regarded, but simply that such intention must be gathered from the correspondence between the parties, and not from any intention not expressed therein; and, therefore, the apparent contention of counsel that this court found that Ashton did not know that the building was being constructed, and yet determined that it was erected at his instance, is without any substantial foundation.

In whatever aspect this contract between Ashton and Johnson may be viewed, we think it fairly appears therefrom that Johnson was authorized by Ashton to construct the building for him on the premises where it was erected, and, that being so, Johnson became his agent in so far at least as to charge the property with liens and for labor and material.

That a contract may be in effect a lease and at the same time a building contract, as to mechanics and material men, is clearly shown by the following cases: *Woodward v. Leiby*, 36 Pa. St. 437; *Leiby v. Wilson*, 40 Pa. St. 63; *Hopper v. Childs*, 43 Pa. St. 310; *Fisher v. Rush*, 71 Pa. St. 40.

We have examined the cases cited and relied on by the respondents, but none of them are directly applicable here, for the reason that the decisions are based upon statutes not identical, in important particulars, with ours.

Nor do we think that the complaint failed to state a cause of action. It does not state in express words

that Johnson was the agent of Ashton, nor that he constructed the building at the instance of Ashton, but it does state facts from which the law implies the agency of Johnson, and that is sufficient.

The disposition heretofore made of this case will be adhered to.

.  HOYT, C. J., and DUNBAR, J., concur.