## WHITCOMB v. GANS.

### Opinion delivered May 17, 1909.

1. MECHANICS' LIENS—IMPROVEMENTS AUTHORIZED BY LESSOR.—Where a lease authorized the lessee to make certain improvements, which were to be paid for by deducting the cost of same from the rent, one who furnished materials to the lessee for the purpose of making such improvements will be entitled to a lien on the property for the amount thereof. Page 472.)

2. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—A question as to whether notice of a mechanics' lien was given as required by Kirby's Digest, § 4976, will not be considered on appeal if it was not raised by the pleadings nor determined by the lower court. (Page 473.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; reversed.

*Bradshaw, Rhoton & Helm,* and *John T. Castle,* for appellant.

A person who furnishes material to repair a building under a contract with the owner or proprietor thereof is entitled to a lien for his money. Kirby's Digest, § 4970. The entire land, to the extent of the interest, right or title of the owner so contracting, is subject to the lien. *Id.* § 4971. When the owner contracts with his tenant to have repairs made, agreeing to reimburse the tenant for the outlay, the tenant is only the agent of the owner, and the fee is bound for the payment of the indebtedness thus created. Boisot on Mechanics' Linens, § 290; 94 Pa. St. 109; 99 Pa. St. 315; 90 S. W. 405; 71 Mo. App. 110; 169 Mo. 236; 171 N. Y. 676; 198 Ill. 48; 40 Minn. 441; 187 Ill. 203; 58 N. E. 347; 42 N. W. 294; 5 Am. St. 490; 63 Ark. 372.

*Ratcliffe, Fletcher & Ratcliffe,* for appellee.

There is no showing that any notice was given before filing the lien as required by § 4976, Kirby's Dig. This is imperative. 27 Cyc. 111 and 134. A mechanics' lien attaches to the interest of the lessee only where the repairing is done for him. Phillips on Mechanics' Liens, 3d Ed. 339; 2 Jones on Liens, § 1280; 42 Conn. 95. If the ownership mentioned in Kirby's Dig., § 4970, be less than the fee, the lien is upon such smaller estate. 4 O. St. 101; 94 N. Y. 394; 49 Ill. 53; 56 Cal. 623; 7 Md. 315. The consent intended by the act is an absolute consent consistent with the right to do the work on the credit of the building. 67 Pa. St. 183; 57 Ind. 172. The possessory interest of the lessee is contemplated to be chargeable with the lien. 5 Ark. 237. The statute should be strictly construed. 74 Ark. 528.

McCULLOCH, C. J. Appellee owns a house and lot in the city of Little Rock, and leased it for a term of years to Mrs. W. J. Dunklin for a stipulated rental, payable monthly. The written contract between the parties contained the following clause: "However, it is further agreed that the said Mrs. Dunklin will make improvements and repairs on the premises costing not less than four hundred ($400) dollars, for which the said Mrs. Gans agrees to reimburse the said Mrs. Dunklin by allowance in rent at the rate of forty ($40) dollars per month for the first ten months of this agreement."

Mrs. Dunklin contracted with one Davis to make certain improvements on the house, and he purchased lumber for that purpose from appellant Whitcomb. The bill for the lumber has not been paid, and Whitcomb instituted this action against appellee to enforce a lien on his house and lot. He sets forth in his complaint the foregoing facts, in substance, and also alleges that the lumber was used in. making the improvements on the house, that the account therefore which he exhibits is correct, and that he had, within ninety days after furnishing the material, filed in the office of the recorder of the county his claim for the lien. Each and all of these allegations of the complaint are denied in the answer.

The case was tried before the circuit judge, sitting as a jury, and he found the facts against appellant,. and declared the law to be that appellee's property was not subject to a lien for material furnished by appellant. Judgment was entered accordingly, and an appeal was prosecuted to this court.

The testimony is conflicting as to whether Mrs. Dunklin employed Davis to do the work and furnish the material for a lump sum, or whether she agreed to pay him and his laborers a certain amount per day for their work, and also agreed to pay separately ·for the material. We treat the finding of the trial court as conclusive of the former state of fact as to the contract between Mrs. Dunklin and Davis. This made appellant a sub-contractor under Davis, who was the contractor under Mrs. Dunklin. Is the property of appellee, under these circumstances, subject to lien for the price of the building material furnished by appellant?

Counsel for appellant contend that, under the lease contract between appellee and Mrs. Dunklin, the latter was authorized, either as contractor or agent of the former, to construct the improvements, that the former agreed to pay for the improvements contracted for, and that a statutory lien exists on the property for the satisfaction of the debt. On the other hand, counsel for appellee contend that Mrs. Dunklin was not constituted an agent of appellee to have the work done, nor was she a contractor under appellee, within the meaning of the statute; that appellee stands merely in the attitude of a landlord who has permitted her tenant to make improvements; that Mrs. Dunklin

was the owner of the property, to the extent of her leasehold estate, and that the lien exists only on the leasehold interest of Mrs. Dunklin. The statutes of this State provide that every person who shall furnish any material for any building, improvements, etc., on land or for repairing same "under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee or contractor or subcontractor," shall have a lien on the land and improvements.

It is also provided that "every person, including *cestuis que trust,* for whose immediate use, enjoyment or benefit a building, erection or other improvements shall be made, shall be concluded by the words 'owner or proprietor thereof' under this act." Kirby's Digest, § 4991.

It will be observed that appellee did not merely consent for Mrs. Dunklin to make improvements at her own expense and for her own enjoyment, but bound Mrs. Dunklin by the contract to make improvements to cost at least $400, and obligated herself to pay for same by crediting that amount on the rent. In other words, Mrs. Dunklin was to make the improvements and advance the money to pay for same, but was to be reimbursed out of the rents. Mr. Boisot, in his work on Mechanics' Liens (section 290) states the laws as follows: "Where a tenant contracts with his landlord to build or repair buildings for compensation to be made by the landlord, either in money or the occupation and use of the premises, the tenant is the landlord's agent, building or repairing for him at his ultimate cost, and the fee is liable to lien, even though the landlord notifies the mechanics that they must look to the tenant for compensation."

The following statement of the law is given in 27 Cyc. 58: "It is usually held that where a lease contains a provision authorizing the lessee to make repairs or improvements at the cost of the lessor, either generally, or by deducting the cost from the rent, or where part of the consideration for the lease is the making by the lessee of improvements which become a part of the realty, or that improvements made by the lessee revert to the lessor, a mechanics' lien may attach to the property for work or material furnished pursuant to a contract with the lessee." See also, as sustaining the same view: *Dougherty-Moss Lumber Co.* v. *Churchill* (Mo.), 90 S. W. 405; *Winslow* v. *McCully Stone*

*Mason Co.,* 169 Mo. 236; *Carey-Lombard Lumber Co.* v. *Jones,* 187 Ill. 203; *Schmalz* v. *Mead,* 125 N. Y. 188; *Kremer* v. *Walton,* 16 Wash. 139; *Williams* v. *Vanderbilt,* 145 Ill. 238.

We need not go so far as to hold that a lessor may make his property subject to lien merely by consenting for the lessee to make improvements. The lessor, in the present case, did more. than that. She not only consented to the making of the improvements, but she bound the lessee to do so, and expressly agreed to pay for same by deducting the cost thereof from the rent. We have no hesitancy in holding that her property is subject to the lien.

It is also contended by counsel for appellee that the judgment of the circuit court should be sustained for the reason that it does not affirmatively appear in the record that appellant gave notice to appellee, in accordance with the statutory requirements (Kirby's Digest, § 4976) of his intention to avail himself of the benefits of the lien. This question was not raised in the pleadings, and it does not appear that the court passed on that question. It is too late to raise it here for the first time.

Reversed and remanded for a new trial.