LANGSTON *v.* MATTHEWS & LAWTON.

Opinion delivered January 25, 1915.

MECHANICS LIENS—REPAIRS ORDERED BY LESSEE—LIABILITY OF OWNER.—One who does work on certain leased premises, at the request of the lessee, can not enforce a mechanic's lien against the property under Kirby's Digest, § 4970, where there was no agreement between the lessee and the owner, that the latter should pay for the repairs.

Appeal from Union Circuit Court; *W. E. Patterson,* Judge; affirmed.

STATEMENT BY THE COURT.

J. E. Langston instituted this action against W. H. Matthews and J. E. Lawton and C. B. Blase to enforce a mechanic and materialman's lien. The facts are as follows:

W. H. Matthews and J. E. Lawton rented to C. B. Blase a small frame house at four dollars per month to be used as a barber shop. The building in its condition at that time was suitable for use as a barber shop, and it was understood between the parties at the time that if any improvements should be made, they should be at the expense of the tenant. After Blase rented the place he made a contract with Langston to put in some water fixtures and to cover one side of the house with galvanized iron. The price agreed upon between Blase and Langston was $29. Lawton saw Langston at work on the building and said nothing to him about it. Blase failed to pay Langston for the work. After the work had been done, Blase became in arrears for his rent and the owners of the property let him off for the rent for one month because he had suffered certain misfortunes, and they were sorry for him.

The court rendered a personal judgment in favor of the plaintiff against Blase for the amount of the plain-

tiff's claim, but held that the plaintiff was not entitled to a mechanic or materialman's lien against the property. The plaintiff has appealed.

The appellant *pro se.*

1. The work done constituted permanent and irremovable fixtures, becoming a part of the realty, and if done with the knowledge of the appellees and accepted by them, etc., they are responsible under the statute. Kirby's Digest, § 4970; 63 Ark. 628; Tiedeman, Real Prop., § 3; 56 Ark. 60. They could not receive benefits under the contract, and then repudiate it. 70 Ark. 239.

2. Appellees are estopped to deny liability. 16 Cyc. 773, 774.

There exists an implied contract to pay for the work and materials on the *quantum meruit.* 27 Cyc. 56; 90 Ark. 472; 41 Neb. 195, 56 N. W. 548; 87 Me. 271; 32 Atl. Rep. 897; 71 Ark. 337; 19 Ark. 671.

*Pat McNalley,* for appellees.

1. A tenant can not create a mechanic's lien on leased property. 56 Ark. 360; 90 Ark. 472.

2. There was no implied agreement on the part of appellees to pay. Mere knowledge that a tenant is making some improvement on leased property which was not authorized by the lessor, is not sufficient to create a mechanic's lien. 27 Cyc. 56, 57, note 31; 15 Daly (N. Y.) 308; 125 N. Y. 706; 18 La. 70; 130 Ia. 42.

HART, J., (after stating the facts). Section 4970 of Kirby's Digest gives a mechanic's lien to every mechanic, builder, etc., who shall perform any work upon or furnish any material for any building or for repairing the same "under and by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or sub-contractor," upon complying with the provisions of the act.

The lien exists only by virtue of the statute, and it is conceded that the estate of the owner can not be subject to a lien for work done or materials furnished at the instance of the tenant unless the tenant may be regarded as the agent or trustee of the owner.

Counsel for the plaintiff relies for a reversal of the judgment upon the case of *Whitcomb* v. *Gans,* 90 Ark. 469, where it was held that where a lessor consents to the making of improvements by his lessee to be paid for by deductions from the rent the property will be subject to a mechanic's lien for the improvement. The reason is that the stipulation in the lease that the repairs might be made and the cost taken out of the rent is equivalent to making the lessee the agent of the lessor for the purpose of making the repairs.

In the case before us there was no contract between the landlord and tenant for repairs. It was optional with the tenant as to whether any repairs should be made, and if he should desire to make any they were to be made at his own expense. Therefore the tenant in making the repairs, acted for himself, and no lien, under the statute, will attach to the property of the lessor.

It is true the landlord made a reduction of four dollars in the rent, but this was done after the repairs had been made. There was no agreement beforehand to make the deduction, and it was made by the landlord because the tenant had suffered misfortunes and not because of the repairs.

It is true also that one of the owners of the property saw the plaintiff making repairs. But he did nothing whatever from which the plaintiff might have inferred that he consented to the making of the improvement and intended that the property should be bound therefor. Under these circumstances, the lessee acted for himself, and no lien attached.

The judgment will be affirmed.