## PROVIDENCE WASHINGTON INS. CO. v. LEVY & ROSEN. (No. 5659.)

(Court of Civil Appeals of Texas. Austin. Oct. 25, 1916. Rehearing Denied Nov. 29, 1916.)

1. INSURANCE ⊙⇒4 — LIABILITY — STATUTE — CONSTITUTIONALITY.

Acts 33d Leg. c. 105, §§ 1–3, enacted to prevent insurance companies from avoiding liability for loss and damage to personal property under technical and immaterial provisions of the policy, where the act breaching such provision has not contributed to bring about the loss, is constitutional.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 4; Dec. Dig. ⊙⇒4.]

2. STATUTES ⊙⇒109 — SUBJECT AND TITLE — CONSTITUTIONAL PROVISIONS.

Const. art. 3, § 35, providing that no bill shall contain more than one subject which shall be expressed in its title is violated by an act whose caption does not direct attention to the subject-matter of the act, or which embraces a part of the subject-matter, but is more restrictive than the act, in which case the act is void as to such part as is not embraced in the title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 136–139; Dec. Dig. ⊙⇒109.]

3. STATUTES ⊙⇒105(1)—SUBJECT AND TITLE—CONSTITUTIONAL PROVISIONS — CONSTRUCTION.

A statute is to be construed most liberally to make the whole law constitutional, where the part objected to as infringing Const. art. 3, § 35, providing that no bill shall contain more than one subject, which shall be expressed in its title, can be considered as appropriately connected with or subsidiary to the main object of the act as expressed in the title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 117; Dec. Dig. ⊙⇒105(1).]

4. STATUTES ⊙⇒113(3)—SUBJECT AND TITLE—CONSTITUTIONAL PROVISIONS.

Acts 33d Leg. c. 105, entitled "An act to prevent insurance companies from avoiding liability for loss and damage to personal property under technical and immaterial provisions * * * where the act breaching such provision has not contributed to bring about the loss," by section 1 so providing, and by section 2 declaring it not to affect or repeal Rev. St. 1911, art. 4874, relating to fire insurance policies upon real or mixed property, and by section 3 declaring an emergency, does not violate Const. art. 3, § 35, providing that no bill shall contain more than one subject, which shall be expressed in its title, as the title sufficiently indicates its purpose.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 144; Dec. Dig. ⊙⇒113(3).]

Error from District Court, McLennan County; E. J. Clark, Judge.

Action by Levy & Rosen against the Providence Washington Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

This is a companion case to Ætna Insurance Co. v. Waco Company, 189 S. W. 315, recently decided by this court, and reference is here made to our findings of fact in that case for our findings of fact in this case, the only difference being that in the former case the policy had been assigned by Levy & Rosen, the defendants in error herein, to the intervener, the Waco Company.

Thompson, Knight, Baker & Harris, Will C. Thompson, and G. S. Wright, all of Dallas, for plaintiff in error. W. L. Eason, of Waco, for defendant in error.

JENKINS, J. The only issue necessary to be passed upon in this case is as to the constitutionality of the act of the Thirty-Third Legislature (chapter 105, page 194) which is assailed upon the ground that the same is violative of article 3, § 35, of the Constitution of this state, and which reads as follows:

"No bill * * * shall contain more than one subject which shall be expressed in its title."

The caption of the bill referred to reads as follows:

"An act to prevent fire insurance companies from avoiding liability for loss and damage to personal property under technical and immaterial provisions of the policy or contract of insurance where the act breaching such provision has not contributed to bring about the loss, and declaring an emergency."

The act is as follows:

"Be it enacted by the Legislature of the state of Texas:

"Section 1. That no breach or violation by the insured of any of the warranties, conditions or provisions of any fire insurance policy, contract of insurance, or application therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach or violation contributed to bring about the destruction of the property.

"Sec. 2. That the provisions hereof shall in no way affect or repeal the provisions of article 4874 of the Revised Civil Statutes of 1911 in so far as the same relates to fire insurance policies upon real or mixed property.

"Sec. 3. Whereas, under the existing laws, insurance policies and contracts may be defeated upon purely technical provisions and defenses that in no way affect the merits of the claim against the insurance company, and such defenses have been upheld to the extent of making it almost impossible for an insurance policy upon personal property to be collected by suit, creates an emergency and imperative public necessity that the constitutional rule requiring bills to be read of three several days in each house be suspended, and that this act take effect and be in force from and after its passage, and it is so enacted."

[1] We held in the case above referred to (not yet officially reported) that said act was constitutional, and we adhere to that decision, and again refer to Ins. Co. v. Finegold, 183 S. W. 833, in support of this decision.

[2, 3] We concede the correctness of appellant's proposition that an act is unconstitu-

---

tional if its caption does not direct attention to the subject-matter of the act, and also, if it embraces a part of the subject-matter, but is more restrictive than the act, it is void as to such part of the act as is not embraced in the title. Adams v. Waterworks Co., 86 Tex. 485, 25 S. W. 605; Railway Co. v. State, 102 Tex. 153, 113 S. W. 917; Giddings v. San Antonio, 47 Tex. 548, 26 Am. Rep. 321. Appellant cites numerous cases from other jurisdictions to the same effect. But, as was said by Mr. Chief Justice Roberts, in Giddings v. San Antonio, 47 Tex. 556, 26 Am. Rep. 321:

"While this has been regarded as the settled rule of construction here, in its application the most liberal [rule of] construction has been given by the Supreme Court of this state, in accordance with the general current of authority, to make the whole law constitutional where the part objected to as infringing this provision of the Constitution could be considered as appropriately connected with or subsidiary to the main object of the act as expressed in the title, which may be seen by reference to a number of cases that have been decided pro and con, involving this question. Cannon v. Hemphill, 7 Tex. 208; Parker v. Parker, 10 Tex. 86; Robinson v. State, 15 Tex. 312; Tadlock v. Eccles, 20 Tex. 792 [73 Am. Dec. 213]; State v. Shadle, 41 Tex. 404; Breen v. T. P. R. Co., 44 Tex. 302."

[4] The main object expressed in both the title and the act was to prevent the avoidance of a policy on personal property by reason of the breach of a provision therein which did not contribute to or bring about the loss. We think that, under the liberal construction required of an act of the Legislature as regards its constitutionality, the title of the act under discussion sufficiently indicated its purpose.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.