DAVIS v. OSCEOLA LUMBER COMPANY.

Opinion delivered April 13, 1925.

LANDLORD AND TENANT—LIABILITY OF LANDLORD FOR MATERIAL USED IN REPAIRS.—Under a lease obligating a landlord to make certain improvements and requiring the tenant to personally attend to repairing the buildings, the tenant was the landlord's agent to make the improvements and purchase the materials at the landlord's cost, and the landlord was liable therefor, notwithstanding that cost should be deducted from the rent.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann*, Judge; affirmed.

*Bruce Ivy* and *J. N. Thomason*, for appellant.

*A. F. Barham*, for appellee.

HUMPHREYS, J. The only issue presented by this appeal is whether appellant is responsible for the value of building materials purchased by her tenant with which to make repairs on her plantation in Mississippi County. She leased the lands in question to J. C. Young for the years 1920, 1921 and 1922, under a written contract, which contained the following paragraphs relative to repairs:

"The party of the first part (appellant) agrees to have improvements made on said place during the term of this lease to the amount of one thousand ($1,000) dollars, the same to be used in repairing houses, barns, etc.,

and, in addition thereto, to furnish sufficient wire, nails, and the timber to make the required posts to build a fence on the west side of said place from Brickey's corner to the road.

"The party of the second part further agrees to give his personal attention to the repairing of said premises, also to the cutting and sawing of the timber which he gets off of said place, if any, and the total amount to be expended for repairs is not to exceed $1,000, unless specifically agreed upon by the party of the first part."

During the year 1920 J. C. Young bought from appellee building materials in the total sum of $576.87, which he used in making repairs on said lands. The last item was furnished on the 30th day of November, 1920. The materials were charged on the books of appellee to J. C. Young.

J. C. Young shipped all the cotton he raised in the year 1920 to the credit of appellant, and was credited on his rent for same, and also credited for the bill of materials he had bought from appellee to make repairs, and, after receiving these credits, he still owed appellant a balance of $1,000 on his rent for that year. There was no specific authority or direction given J. C. Young to purchase the materials, and there was no direct contract or conversation between appellant and appellee with reference thereto. J. N. Thomason was appellant's agent for renting, collecting the rents and paying the taxes on said plantation during the year 1920. At the time J. C. Young rendered his statement to J. N. Thomason for the transaction of the year, a notation was made thereon to the effect that the bill of materials purchased from appellee had not been paid. The year before J. C. Young paid appellee's bill for materials to make repairs, and received credit on his rents for same. In the year 1920 J. C. Young bought some materials from other parties to make repairs, paid for them himself, and received credit for same on his rents. There was an oral agreement between appellant and J. C. Young that, whatever he should pay out for repairs, not exceeding $1,000,

should be credited on his rent account. When the account was not paid, Thomas Henderson, agent for appellee, went to see J. N. Thomason about it, and Thomason agreed to take the matter up with appellant, and, if there should be any money left in the bank belonging to her, after paying the taxes, he would get her to authorize him to pay it on the account.

Having failed to receive payment on the account, this action was instituted in the common pleas court, and, on appeal to the circuit court, Osceola District, was submitted on the pleadings and testimony to a jury. At the conclusion of the testimony the court instructed the jury to return a verdict for appellee, and rendered a judgment in accordance therewith, from which is this appeal.

Under the terms of the written contract the lessor, appellant herein, obligated herself to make improvements on the houses, barns, etc., located upon her plantation, not to exceed in cost $1,000, unless specifically agreed to by appellant; and the lessee obligated himself to give personal attention to repairing the buildings. The effect of this provision in the lease was to constitute the lessee the agent of the lessor to make the improvements. The oral understanding that the cost of the improvements should be deducted from the rent did not have the effect of limiting or abridging the agency to purchase the material and make the improvements at the ultimate cost to the lessor. While the materials were charged on the books of appellee to the lessee, they were bougth by him under authority from the lessor, to be used for making permanent improvements on her property, which had the effect of constituting him her agent in law for the purchase of the materials. The principle announced in the case of *Whitcomb* v. *Gans*, 90 Ark. 469, is applicable in the case at bar.

No error appearing, the judgment is affirmed.