WILDWOOD AMUSEMENT COMPANY *v.* STOUT LUMBER COMPANY.

Opinion delivered January 21, 1929.

*Mahony, Yocum & Saye,* for appellant.

*Marsh, McKay & Marlin,* for appellee.

McHANEY, J.  This appeal questions the correctness of the decree of the Union Chancery Court enforcing a mechanic's lien against the surface lease and the improvements on certain suburban real estate some two or three miles north of the city of El Dorado.  The facts, briefly stated, are as follows:

On May 28, 1925, William Goodwin and wife executed the lease in question to Dave Reid for a term of five years, beginning June 1 thereafter, which lease was properly recorded.  On June 6, 1925, Reid and his wife assigned the same lease to appellant, Wildwood Amusement Company, a corporation, which assignment was duly recorded.  Certain improvements were placed on the lease for amusement purposes.  Thereafter, on April 7, 1926, the Wildwood Amusement Company entered into a contract of sale thereof with Stell & Chapman for a con-

sideration of $20,000, evidenced by 27 notes, the last of which matured on July 1, 1928. The contract and notes provided that, if default should be made in the payment of one note, all remaining notes should become due and payable at the option of the holder. The contract of sale also obligated the purchasers to erect a dancing pavilion on the lease, at a cost of approximately $2,000, and to make certain expenditures for other purposes. Title to the property was retained by the seller until all notes were fully paid, and the purchasers contracted that they would not permit any liens of any nature to be incurred on the property. The purchasers went into possession, and proceeded to make the improvements required by the contract, and, in doing so, became indebted to appellee, the balance of which, at the time this suit was brought, amounted to the sum of $1,094.06, for which the chancery court entered a decree, together with interest at 6 per cent. from July 3, 1926.

Appellant challenges the correctness of this decree on two grounds: First, that no notice of a mechanic's lien was served on the Wildwood Amusement Company, the corporation, and second, that the title of the Wildwood Amusement Company is superior to the lien of the appellee.

Relative to the first proposition, it appears from the evidence that the notice that appellee claimed a lien on the property was served on each of the stockholders of the corporation, there being only three, and necessarily on all of the officers of the corporation, and the notice itself was addressed to and served on the persons operating under the name of the "Wildwood Amusement Company." While no notice addressed to the Wildwood Amusement Company was served upon it as a separate, distinct entity, the notice was served upon the stockholders and officers, and the corporation could only take notice through them if a notice had been addressed to it personally. We hold this to be a substantial compliance with § 6917, C. & M. Digest, requiring such notice. This court has many times held that the mechanics' lien stat-

ute should be liberally construed in favor of the lien claimant, and that a substantial compliance with its terms is all that is necessary. *Conway Lumber Co.* v. *Hardin,* 119 Ark. 43, 177 S. W. 408, and the cases cited therein.

The next contention as to the priority of rights, we think the court correctly held that the lien of appellee on the lease and the improvements thereon was superior to the title of appellant. As we have already stated, the contract of sale required the purchasers to make the improvements which were made, and at their own expense. The title to the whole property was retained in appellant, including all improvements to be erected on the lease by Stell & Chapman, the effect of which was to constitute Stell & Chapman the agents of the Wildwood Amusement Company for this purpose, as it required them to make these improvements to their property, and which was to remain their property until all the purchase money notes had been paid in full. Under these conditions we think it would have been no different had the Wildwood Amusement Company itself erected these improvements before the sale and required the purchasers to pay therefor in the contract of sale. This court has held that, where property is leased under a contract with the lessee to make certain improvements, to be paid by the lessor, the property itself is subject to the lien for materials furnished. *Whitcomb* v. *Gans,* 90 Ark. 469, 119 S. W. 676; *Langston* v. *Matthews & Lawton,* 117 Ark. 626, 173 S. W. 397; *Davis* v. *Osceola Lumber Co.,* 168 Ark. 584, 270 S. W. 960. In the last case mentioned the court said:

''While the materials were charged on the books of appellee to the lessee, they were bought by him under authority from the lessor, to be used for making permanent improvements on her property, which had the effect of constituting him her agent in law for the purchase of the materials. The principle announced in the case of *Whitcomb* v. *Gans,* 90 Ark. 469, 119 S. W. 676, is applicable in the case at bar.''

While it is true in the cases cited that the lessor agreed to pay the cost of the repairs or improvements made by the lessee, still we think the same principle is applicable to the case in hand, for the reason that the seller required the purchaser to make the improvements, which were to be his until the purchase money was fully paid.

Counsel for appellants cite the cases of *Fine* v. *Dykes Bros.*, 175 Ark. 672, 300 S. W. 375, and *Morrilton Lumber Co.* v. *Groom,* 176 Ark. 520, 3 S. W. (2d) 293, in support of their contention in this regard, but the principle announced in those cases can have no application here. In those cases they merely permitted the improvements to be made, or had knowledge that they were being made, but had no contract obligating the purchasers to make them.

We find no error, and the decree is affirmed.