[No. 24063. *En Banc.* June 14, 1933.]

JOE MILES *et al., Plaintiffs,* v. R. H. BUNN *et al., Defendants.*

D. L. BROWN *et al., Appellants,* v. THE SESOM CORPORATION *et al., Respondents.*[1]

*Ballard & Houghton,* for appellants.

*C. N. Dickison* and *W. L. Bar,* for respondents.

MITCHELL, J.—William L. Bar and his wife owned lot 14 and part of lot 15, block 31, Lock Gilvra Addition to Seattle. They organized a corporation called the Sesom Corporation, to which Bar and his wife conveyed the real property mentioned, in consideration, among other things, of all the capital stock of

[1]Reported in 22 P. (2d) 985.

the corporation, which was issued to William L. Bar, except a few so-called qualifying shares that were issued to one C. N. Dickison without any consideration from him. The corporation entered into a written lease for a term of years with one R. H. Bunn, under which he went into possession of the premises and erected a building thereon. D. L. Brown and C. G. Rinnan, as partners, upon request of the lessee, furnished labor and material in the construction of the building, for which they duly filed and recorded a notice of claim of lien.

This suit was brought, in which Brown and Rinnan sought, among other things, a judgment foreclosing their lien against the land belonging to the corporation, which had been made a party to the action. Findings of fact and conclusions of law were filed, upon which judgment was entered that, in part, denied Brown and Rinnan any lien or foreclosure against the land. They have appealed from that adverse portion of the judgment. Appellants do not bring up any statement of facts, but present the case here on the findings of fact.

Two main questions are presented on behalf of the appellants: (1) That, notwithstanding the purpose of the lease to the contrary, the lessee was the agent in fact of the owner of the land in constructing the building; and (2) that, under the lien statute (Rem. Rev. Stat., § 1129), the lessee was the statutory agent of the owner of the land with respect to the right of lien for labor and material supplied and used in constructing the building.

As to the first contention, in the absence of the evidence given at the trial, we are foreclosed by the findings of the trial court. The court made no finding or conclusion of bad faith between the parties, or that the lessee acted other than for himself under the terms of the lease in constructing the building.

As to the second contention, certain terms of the contract of lease must be noticed, as follows:

"The lessee shall not be obligated to, but, subject to the other provisions of this lease, shall have the right to place and construct upon said premises, a building and improvements . . ."

and

"The rent reserved herein is ground rent and is not based upon the value of any buildings which may be placed by the lessee upon said premises and, therefore, all rent reserved shall be paid during the entire term of this lease regardless of whether or not any building placed upon said premises is destroyed."

The question of whether a lessee, in constructing improvements, acts as agent of the owner of the land, under the statute upon the subject of the lien for labor and material, has been considered in this state in a number of cases covering a variety of facts and circumstances. Many of the cases are cited and discussed in *Pioneer Sand & Gravel Co. v. Northern Pacific Ry. Co.*, 170 Wash. 618, 17 P. (2d) 9, which was a case in which the lessee was obligated to construct a building on the land mentioned in the lease. The test is whether the lessee, under the terms of the contract, has a privilege merely, or is obligated, to construct improvements. The case of *Pioneer Sand & Gravel Co. v. Northern Pacific Ry. Co.*, just referred to, citing with approval the rule of the early case of *Stetson-Post Mill Co. v. Brown*, 21 Wash. 619, 59 Pac. 507, 75 Am. St. 862, said:

"We have held that the construction of a building by a lessee upon land held by him as lessee, in pursuance of a mere lease contract privilege so to do, does not, under these statutory provisions, constitute such lessee the agent of such lessor owner so as to effectually charge the land with lien claims of mechanics and materialmen furnishing labor and material for the construction of such building."

That rule is applicable to the contract in the present case, whereby the lessee is not obligated to construct buildings and improvements on the land, but has the privilege merely of doing so.

Judgment affirmed.

TOLMAN, MAIN, MILLARD, STEINERT, and BLAKE, JJ., concur.

HOLCOMB, J. (dissenting)—Not enough of the findings of the trial court and of the lease in controversy is set out in the prevailing opinion to intelligently discuss the case.

Among other things, the trial court found that the Sesom Corporation, owned entirely by the Bars and Dickison, Dickison having received qualifying shares of the corporate stock without paying any consideration therefor, has never owned any other property or transacted any business, other than the ownership, management and control of the real estate conveyed by the Bars to the corporation. The trial court also found that the corporation leased the real estate to R. H. Bunn for a period of ninety-nine years, and that no rent has ever been paid by Bunn. He took possession of the premises under the lease, and began constructing the building authorized by the lease.

Within eight months after filing their lien, appellants served and filed their cross-complaint therein for the foreclosure of the lien, which cross-complaint and summons thereon were regularly served on defendants Bar and the corporation, who entered their appearance within the eight months period. Bunn also was served with summons and cross-complaint, and defaulted.

The lease authorized, but did not require, the lessee to erect any building upon the lot, but provided that the building, if erected, should be of certain specified

construction and used only for certain purposes. The lessee also agreed to keep the building insured during the entire term of the lease, *loss payable to lessor in case of a fire, who could either keep the insurance money or use it to rebuild the building.* The lessee was not permitted to make any structural or other material change or alterations in the building without the written consent of the lessor. The lease provided that *title to any building erected upon the premises should forthwith vest in the lessor,* subject only to the right of the lessee under the lease, etc.

These findings and the lease disclose that the building, if erected, was to be built as much for the benefit of the lessor as of the lessee, and that the lessee was to have no greater rights or interest in the building than he would have had in a building that might have been on the demised premises when the lease was executed.

In *Dahlman v. Thomas,* 88 Wash. 653, 153 Pac. 1065, we held that our decisions

". . . have relieved the landlord when he had profits but had not authorized improvements, and have relieved a vendor when he had authorized the improvements but had no interest in the profits. In the present case the owner has both features against him."

In *Finos v. Netherlands American Mortgage Bank,* 147 Wash. 86, 265 Pac. 167, where the lessees were given the right to mine and prospect, but were not required to do so, and did proceed to mine upon the leased premises and derive profits therefrom, we held that the property was subject to the general lien law under Rem. Comp. Stat., § 1129.

In *Seattle Lighting Fixture Co. v. Broadway Central Market,* 156 Wash. 189, 286 Pac. 43, 1119, we reaffirmed the *Dahlman* case, *supra,* and held that, under the terms of the lease there involved, the lessee was the agent of

the owner in procuring the material and labor upon the premises.

It must be apparent from the findings of the trial court that respondents in this case are the real owners both of the real estate and of the lease, and that the lessee is a mere dummy. They allowed the lessee to enter upon the premises and hold possession thereof while erecting the building, and thereafter, but have never required him to pay a dollar of the rent reserved in the lease.

We should look through the form to the substance.

"A lease may be such only in name, a contract of purchase only a mere form. There must not be left an easy opportunity for subterfuge or fraud against laborers and supply men." *Dahlman v. Thomas, supra.*

See, also, *Kremer v. Walton,* 11 Wash. 120, 39 Pac. 374, 48 Am. St. 870, and *Pioneer Sand & Gravel Co. v. Northern Pacific Ry. Co.,* 170 Wash. 618, 17 P. (2d) 9.

It is apparent, also, from the situation and relations between the parties respondent, that the Sesom Corporation is owned in community by respondents Bar, and that, when a mortgage was given by it to Mrs. Bar, it was, in effect, simply a mortgage from themselves to one of them. Even though recorded before the material and labor of appellants commenced to be furnished, it should not take priority over their lien because it does not represent an actual indebtedness from an owner of property to a bona fide mortgagee. See *Andersonian Investment Co. v. Jones,* 104 Wash. 142, 176 Pac. 17; *Schoemer v. Zeran,* 126 Wash. 219, 217 Pac. 1009; *Keane v. Watson Co.,* 149 Wash. 424, 271 Pac. 73.

For the foregoing reasons, I am obliged to dissent from the prevailing opinion. The judgment should be reversed and appellants' lien ordered foreclosed.

BEALS, C. J., concurs with HOLCOMB, J.