DONALD *v.* HEIGEL LUMBER COMPANY.

4-3138

Opinion delivered October 16, 1933.

*Edw. Gordon, Reynolds & Reynolds* and *E. A. Mitchell,* for appellant.

*George F. Hartje,* for appellees.

KIRBY, J. Appellees, partners operating a retail lumber business in the city of Conway, Faulkner County, Arkansas, have been engaged in business there for a number of years. They erected a filling station on some

property they owned in the town of Plumerville, Arkansas, about the year 1930, and leased it to an oil company on a rental basis of one cent per gallon of gasoline sold at said station with a guarantee from said company that the rental would not be less than $10 per month. The oil company subleased said station to Charles Sams, who continued to operate same.

This station was situated upon highway No. 64, as same then ran through the town of Plumerville. About 1931 said highway No. 64 was changed from its old location so as to run through the town of Plumerville, and Sams wanted to move the station over on the highway No. 64 as re-located. Tubby Mitchell, who was the oil company's local representative in Conway County, and Charles Sams, the sublessee, arranged with J. J. Heigel of the appellee company to move the station over on the new highway, and place same upon property purchased by them and deeded to appellees. Heigel consented to the station being moved over to the new location, "provided same would be done without any cost to the appellees." Instead of moving the station or building, appellants Mitchell and Sams had the old station torn down and erected an entirely new and different station upon appellees' property on the highway as re-located near Plumerville. Lumber and materials were purchased by Tubby Mitchell and charged to him. In fact, one of appellants, E. E. Mitchell, is the father of Tubby Mitchell, who was never the agent of the appellee; and he and Sams were not the contractors. The appellees never at any time agreed to pay for moving the filling station, nor consented that any part of the rental should be used to pay for same. The change was made entirely for the lessee's and sublessee's benefit and not for the benefit of appellees, and was agreed to be done without any cost to them.

The premises upon which the filling station was first erected was leased to the oil company for a period of five years at a rental of one cent per gallon for each gallon of gasoline sold at the station with a guarantee of not less than $10 per month, and the title of the property was in appellees. The title to the land upon which the filling station was later moved was vested in appellees in fee

simple. Appellees consented to the moving of the filling station only for the benefit of the lessee and the sublessee, conditioned that the removal thereof could only be made at the expense of appellants and without any cost to appellees.

A lessor does not subject the fee of the property upon which the improvement is made to a mechanics' lien merely by consenting that the lessee can make improvements thereon. This was definitely settled in the case of *Hawkins* v. *Faubel*, 182 Ark. 304, 31 S. W. (2d) 401, where this court said:

"We now decide the question reserved in the case of *Whitcomb* v. *Gans, supra,* and we hold that the lessor does not make his property subject to a lien merely by consenting for the lessee to make improvements. This view accords with reasons upon which the decisions were based in the following cases: *Langston* v. *Matthews & Lawton,* 117 Ark. 628, 173 S. W. 397; *Daly* v. *Arkadelphia Milling Co.,* 126 Ark. 305, 189 S. W. 1035; *Davis* v. *Osceola Lbr. Co.,* 168 Ark. 584, 270 S. W. 960; *Fine* v. *Dyke Bros. Lbr. Co.,* 175 Ark. 572, 300 S. W. 375, 58 A. L. R. 907; *Morrilton Lbr. Co.* v. *Groom,* 176 Ark. 520, 3 S. W. (2d) 293. This view also accords with the general rule where there is no statute making the owner liable who merely consents that the improvements shall be made."

It is not contended that appellants at any time ever had any conversation or agreement with appellees relative to making the change of location of the station to the new highway, but rely upon the fact that the appellees consented to the removal of the filling station from its old location on their property to other property owned by them on the new highway on condition that appellees would not have to bear any costs of the moving. Neither Tubby Mitchell nor Sams was the agent of appellees, and appellant Donald testified that he received the job as the lowest bidder upon his bid to Mr. Sams. That the contract was put up for a bid, and he was the lowest bidder, and Mr. Mitchell O. K.'d it, and we went to work, and he said he would pay it; said he had no dealings with Mr. Heigel about the matter. Upon the completion of the building, Donald, the contractor, demanded payment

therefor from Mitchell, who said that the reason he did not pay him was that he didn't have the money.

Mitchell admitted that he and Sams were responsible for the entire amount due on the contract with Donald. Upon cross-examination he stated that Heigel told him he would permit them to move the building only on condition that they would have the deed for the new site made to the lumber company, and the building removed without expense to them. Sams never at any time discussed the removal of the building from the old site to the new with Mr. Heigel. The agreement to move the building was made by Mitchell and Heigel.

There was no agency or authority on the part of Mitchell or Sams to represent the appellees in any contract for removal of the building to the new location, and the contractor's or materialman's lien would not be effective against the fee of the land under the circumstances, a contract not being made with appellees or their agents, and the owners granted the permission to make the removal of the station to the new location only upon condition that it was to be done without expense to them.

No error was committed therefore in the decree of the chancellor, which is affirmed.

McHANEY, J. I dissent on the ground that appellants should be decreed a lien on the building only, to share ratably with appellees for the amount of its material that entered into the building.