Piercy A. WELLS and Lorene L.
WELLS *v.* Richard B. GRIFFIN, d/b/a GRIFFIN SALES
COMPANY, CONSOLIDATED BUILDERS, INC. and
KHILCO INDUSTRIAL ELECTRIC, INC.

CA 79-12                            586 S.W. 2d 239

Opinion delivered August 15, 1979
and released for publication September 5, 1979

*Warner & Smith,* by: *J. H. Evans,* for appellants.

*Shaw & Ledbetter* and *Bethell, Callaway & Robertson,* for appellees.

ERNIE E. WRIGHT, Chief Judge. This appeal to the Arkansas Supreme Court has been assigned to the Court of Appeals for disposition pursuant to Rule 29(3) of the Arkansas Supreme Court.

The appellants, Mr. and Mrs. Wells, owners of certain real estate, entered into a contract with Consolidated Builders, Inc. (hereinafter called "Consolidated") to build an addition to an existing building upon the real estate involved for a fixed sum. Consolidated subcontracted the ceiling and floor work for this new structure to Griffin Sales Company, one of the appellees, (hereinafter called "Griffin") for the sum of $3,094.00 for labor and materials for the ceiling work and for the sum of $1,863.11 for the floor work.

Consolidated engaged the appellee, Khilco Industrial Electric, Inc. (hereinafter called "Khilco") on a cost-plus

basis to do the electrical work.

Upon completion of the work Consolidated failed to pay Griffin and Khilco and was declared to be a bankrupt. In this action Griffin and Khilco each obtained judgments against Consolidated and Wells and materialmen's and laborer's liens were decreed against Wells' real estate, and foreclosure was ordered. The Griffin judgment was in the amount of $4,-957.11 and the Khilco judgment was in the amount of $14,-232.14.

Appellants seek reversal on three points.

I. It is contended the court erred in finding that Griffin perfected his lien by filing his action within 120 days from the date the last work was performed under the sub-contract with Consolidated.

As frequently occurs in cases of this nature, the evidence was conflicting as to when the last work was done. It was stipulated that if work was performed by Griffin under his sub-contract after August 23, 1976, he was entitled to a lien on the real estate. The court found that Griffin timely instituted suit against the prime contractor and Wells, rendered judgment in the amount of $4,957.11 in favor of Griffin, decreed a lien on the property involved and decreed foreclosure.

The chancellor in effect found that Griffin furnished labor and/or material in making improvements to the subject property within 120 days prior to the commencement of the action. We are unable to say that the court's finding was against the preponderance of the evidence. See *Neal* v. *Neal,* 258 Ark. 338, 524 S.W. 2d 460 (1975). The decree of the trial court as to Griffin must be affirmed.

II. It is contended as to Khilco, that the court erred in finding that Khilco performed work on the subject property within 120 days prior to the filing of his materialmen's and laborer's lien and that any work done by Khilco that was not pursuant to any contract with Wells or their contractor or agent could not be the subject of a lien against the Wells' property.

The law is well settled that the owner of real estate does not subject his property to a lien by merely permitting the lessee to make improvements. *Donald* v. *Heigel Lumber Company,* 187 Ark. 1014, 63 S.W. 2d 646.

The evidence stands undisputed that Consolidated authorized electrical improvements to the old building, not upon the basis of any contract between Consolidated and Wells, but upon order of Wells' tenant, a Mr. Keaton. There is no evidence that Keaton was an agent for Wells. We hold that no lien attaches to the Wells' property for labor and materials provided by Khilco in electrical improvements to the existing Wells' building outside the scope of the Wells' contract.

Therefore the labor and materials provided by Khilco in improvements to the old building, stemming from the order of Keaton, and not pursuant to the Wells' contract with Consolidated, must be excluded in making a determination of whether the Khilco lien was timely filed.

When evidence of work performed or materials furnished by Khilco stemming only from the order of Consolidated, by arrangement with Keaton, are excluded from consideration in determining whether the lien was timely filed, there is no substantial evidence in the record to support a finding that the Khilco lien was filed within 120 days from the time the last labor was performed or material furnished pursuant to the Wells' contract with Consolidated. Therefore, the judgment against Wells, including the decree for a lien and foreclosure of same, must be reversed.

III. Appellants contend the trial court erred in including profits of Griffin and Khilco in the lien judgments.

As to the Griffin lien claim, the contract which is the basis of the lien was for a fixed sum that includes labor and materials. This being true, the lien properly embraces the full amount of the contract. See *Shaw* v. *Rackensack Apt. Corp.,* 174 Ark. 492.

As to the Khilco lien judgment, our holding supra disposes of the action. However, we would point out that on a

cost-plus contract, as in the case of Khilco's contract, only the cost of labor and materials qualify for lien purposes as indicated by the *Shaw* case. The statute makes no provision for a lien for profits on this type contract.

The decree of the trial court as to the judgment and lien in favor of Griffin is affirmed. The judgment and lien foreclosure in favor of the Appellee Khilco against Wells and the Wells' property is reversed and appellants shall recover from the appellee, Khilco, one-half of the costs of the following items on appeal; transcript, brief, filing fee. The appellee, Griffin, shall recover from appellants the cost of his brief.