JOHN E. BRYANT AND SONS
LUMBER COMPANY, INC. *v.* Joe MOORE,
James W. GARRISON, Jr. and Kathy B. GARRISON,
His Wife, and U.S. DEPARTMENT OF
AGRICULTURE, FARMERS HOME
ADMINISTRATION

CA 80-233                         606 S.W. 2d 617
Court of Appeals of Arkansas
Opinion delivered October 29, 1980

*Murphy, Blair, Post & Stroud*, by: *Robert D. Stroud*, for appellant.

*Pickens, Boyce, McLarty & Watson*, by: *Tim F. Watson*, for appellees.

MARIAN F. PENIX, Judge. The question in this case is whether a materialman filed his lien within the time period required by law.

The appellant Lumber Company furnished building materials to a contractor who was building a house for appellee James W. and Kathy B. Garrison. The Lumber Company sued for a $2,088.39 judgment and for a judgment impressing its materialmen's lien against the Garrisons' property. The Garrisons answered and affimately pled that no materials were furnished or services were performed by the Lumber Company within the statutory time allowed for a materialmen's lien. The Lumber Company's complaint made the U.S. Department of Agriculture a party to the ac-

tion because the Farmers Home Administration had an interest in the property. The United States of America filed pleadings to remove to Federal Court. However, the complaint against the United States was dismissed resulting in no further federal jurisdiction. The Garrisons amended their answer asserting that the Arkansas materialmen's lien statute is unconstitutional. We find no merit in this argument. See *South Central District of the Pentecostal Church of God* v. *Bruce-Rogers Co.*, 269 Ark. 130, 599 S.W. 2d 702 (1980).

Ark. Stat. Ann. § 51-613 requires a lien to be filed with the Circuit Court within 120 days after work or labor is performed, or material is furnished and also requires a just and true itemized account of such material furnished and a correct description of the property to be charged with said lien.

The Trial Court found that no lien exists for the reason that a preponderance of the evidence does not show a delivery of materials within 120 days of the filing of the complaint. The Lumber Company appeals.

The Lumber Company contends the Court erred in finding that it had not supplied building materials that became incorporated into improvements on the property in question within 120 days of filing a suit to impress and foreclose a materialmen's lien. The Lumber Company concedes that unless it proves a patio door listed on invoice number 97430, dated October 13, 1976 was actually delivered on October 13, 1976 and incorporated into the property, that it cannot prevail. The lawsuit to impress the lien was filed February 10, 1977.

The manager of the Lumber Company, Donnie Bryant, testified all delivery tickets or invoices were prepared the date of delivery and that a patio door was delivered to Garrisons' house on October 13, 1976. This is a disputed question of fact. Further, Ray Dean of McCarroll testified he delivered the patio door on October 13, 1976. Mr. Garrison testified there is only one patio door in his house and it was in place at his house of August 18, 1976. He further stated he was positive about the date because August 18 is his mother's birthday and on that day in 1976 he, his mother, and a number of

relatives gathered in Newport to celebrate the birthday. He stated they toured his new home and the patio door was in place at that time. The Court made a finding of fact the patio door was in place on August 18, 1976. By this finding the Court precluded the delivery of a patio door on October 13, 1976, thus eliminating October 13, 1976 as the possible date of delivery of the last item to the Garrison's house.

The Lumber Company introduced many exhibits. One exhibit was ticket number 92987 which recited 250 feet of base shoe were delivered and charged to the Garrison job. Mr. Garrison testified the house had shag carpet and there was no need for base shoe except in the two bathrooms — which would require far less than 250 feet.

Another ticket was introduced was number 95249 reciting delivery and charging to the Garrison job three pieces of paneling described as "grayish black". Mr. Garrison testified his house was paneled throughout with a light green with brown paneling.

Several other tickets were introduced into evidence. However, as stated above, the crucial fact to be determined, was whether the patio door listed in the October 13, 1976 invoice was actually delivered and incorporated into the Garrison house. This is the only ticket which is date late enough to come within 120 days of the February 10, 1977 complaint.

The Chancellor weighed the evidence and assessed the crediblity of the witnesses and made his decision.

Our Court in *Wells* v. *Griffin*, 266 Ark. 763, 586 S.W. 2d 239 (Ark. App. 1979) cites *Neal* v. *Neal*, 258 Ark. 338, 524 S.W. 2d 460 (1975):

Chancery cases are reviewed de novo on appeal, but the Chancellor's decree will not be reversed on disputed facts unless the findings are against the preponderance of the evidence since the Chancellor is in a better position to evaluate witnesses' testimony as he hears them testify and observes their demeanor.

From a careful review of the record we find substantial evidence to support the finding of the Chancellor. We cannot say the Chancellor abused his discretion, nor can we say his finding is against the preponderance of the evidence.

Affirmed. The appellee shall be reimbursed for the cost of his brief.