**DAUEL v. ROSE et al.**

No. 17379—Opinion Filed Nov. 16, 1926.

`Rehearing Denied Jan. 4, 1927.

**Principal and Agent—When Question of Law —Direction of Verdict.**

Where the evidence relied upon to constitute agency consists of a written instrument which, by its terms, clearly creates the relation, the question is one of law for the court, and it is not error to direct a verdict accordingly.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pontotoc° County; J. W. Bolen, Judge.

Action by Louis W. Dauel against J. E. Rose et al. Judgment for defendants, and plaintiff appeals. Affirmed.

Tom D. McKeown and C. F. Green, for plaintiff in error.

J. F. McKeel and Robt. S. Kerr, for defendants in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Plaintiff sued J. E. Rose and wife for judgment for $1,570 on a promissory note, and for judgment of foreclosure on certain real estate against the Roses and numerous other defendants. Defendants pleaded payment. From a judgment on directed verdict for defendants, plaintiff appeals. On August 5, 1919, J. E. Rose and wife executed a mortgage on their farm to secure said note that day given to the Conservative Loan Company, due in 1929. On September 4, 1919, said note and mortgage were assigned to plaintiff, Dauel, but the assignment was not recorded until December 20, 1923. The land changed hands and was owned by another Rose, defendant herein, who procured a larger loan upon the land from the Federal Land Bank of Wichita, Kan. On April 28, 1923 the Federal Land Bank for Rose, the owner of the land, remitted $1,570 to the Conservative Loan Company to take up said first mortgage so assigned to plaintiff. On July 15, 1923, the Conservative Loan Company sent its check for $1,590 to plaintiff, Dauel, to pay the note and mortgage so assigned to him, which check was accepted by plaintiff, but not paid for insufficiency of funds, the loan company then being insolvent. In the meantime the Conservative Loan Company had changed its name to the Conservative Loan & Trust Company, the latter being the successor of the former company, but its ownership and operation being the same. On July 3, 1925, plaintiff began this action to foreclose. It is not contended that any of defendants had actual notice that plaintiff was the owner of the note and mortgage sued upon. No constructive notice thereof was imparted because the assignment to the plaintiff had not been recorded at the time the bank paid the loan company. The question for determination is one of agency—whether the Conservative Loan Company was the agent of plaintiff in receiving said payment from the land bank for Rose.

"Payment of a negotiable note before maturity to any one other than the holder thereof, or his duly authorized agent to receive such payment, is at the risk of the payer.

"Payment of a negotiable note, secured by a mortgage, by the mortgagor or his grantee, when made to the mortgagee not in possession of the note and mortgage, is not binding upon an assignee thereof before maturity who had possession of the papers at the time of payment, unless he had expressly or impliedly authorized such payment." Chase v. Commerce Trust Co. et al., 101 Okla. 182, 224 Pac. 148.

This note was paid before maturity to the Conservative Loan Company, which company was not the holder thereof, but was the mortgagee of record. It is clear that the burden was on defendants to prove such agency. Before funding this loan, the land bank wrote the Conservative Loan Company ascertaining the amount necessary to pay the debt. The loan company failed to disclose that it was not the owner of the note and mortgage at that time. After the land bank remitted said amount to pay the note, the loan company acknowledged receipt of the remittance, and advised that it would get the papers to the bank as soon as received from the investor. The investor, plaintiff, Dauel, lived in another state, and appears to have been engaged in buying and selling such notes and mortgages. It now appears that at the time the bank paid the loan company. Dauel had sold this particular note to one Engeljohn, but later, by mutual arrangement, repurchased same, and was the holder at the time this action was commenced.

When the loan company sold the $1,500 note and mortgage to the plaintiff in September, 1919, in addition to those documents and the assignment thereof, the loan company executed and delivered also its so-called "certificate of guarantee." It recited that in consideration of the purchase of this note and mortgage, the loan company certified certain things to be true—that the title to the property was in the mortgagor, the regularity of the papers, that no loss should

occur to plaintiff by reason of nonpayment of taxes—and that for a breach of any of the specific conditions, the loan company bound itself to repurchase this note and mortgage. This instrument also provided "that we (the loan company) shall attend to the collection of principal and interest free of charge and remit therefor as soon as collected," and "that we will watch over and look after the loan until it shall have been fully paid." Pursuant thereto, the loan company collected and remitted to plaintiff about four installments of interest. This evidence on behalf of defendants was sufficient to sustain the burden of proving that the Conservative Loan Company was the duly authorized agent of plaintiff to receive payment of said note and interest. The instrument, taken at its face value, creates such agency, and plaintiff seems to have accepted the benefits of the agency by accepting the services of the loan company in collecting and remitting to him certain installments of interest. The execution and delivery of this document to plaintiff is not disputed—but only its legal effect. It is elementary in such case that agency is a question of law for the court, the facts not being controverted. It follows that the court did not err in directing verdict and rendering judgment for defendants.

The foregoing disposes of the other assignments of error that such evidence was incompetent and other matters depending thereon. Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See 2 C. J. p. 961, §731.