## STATE NATIONAL BANK OF SHAWNEE v. BATES et al.

No. 17452.    Opinion Filed Dec. 6, 1927.

(Syllabus.)

1. **Principal and Agent—Fact of Agency as Jury Question.**

In a suit on a promissory note, where the issue of agency is raised, the fact of agency is for determination by the jury.

2. **Same—Action by Assignee of Note Against Makers—Defense of Payment to Assignor as Agent of Assignee.**

Record examined, and held, that the evidence amply sustains the verdict and judgment.

Commissioners' Opinion, Division No. 1.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by the State National Bank of Shawnee against W. A. Bates et al. Judgment for defendants, and plaintiff appeals. Affirmed.

V. B. Hayes and Goode & Dierker, for plaintiff in error.

Hatchett & Ferguson, for defendant in error.

TEEHEE, C. The parties appear here as they appeared in the trial court. Plaintiff, as transferee on September 5, 1924, sued W. A. Bates and M. Pearl Bates as makers on a five-year promissory note for $3,500, and for foreclosure of a real estate mortgage given in security thereof. The paper bore date of March 1, 1921. Default in payment of any interest coupon matured the principal. The original payee, the Conservative Loan & Trust Company, on March 15, 1921, assigned the paper, with other like transactions aggregating $25,000, to plaintiff as collateral security to an issue by the loan company of a like amount of bonds with the plaintiff as trustee under a collateral trust indenture. Plaintiff alleged default in the coupon interest note due March 1, 1924.

Defendants answered by general denial, but admitted execution of the paper sued on, and further pleaded payment of $2,633 on the principal and interest matured March 1, 1923, with the proceeds of an insurance policy of $3,000 as indemnity for the loss of the residence of said makers as a part of said real estate security, which payments were by the defendants made to the Conservative Loan & Trust Company under a mortgage payable clause, and that said loan company was the agent of the plaintiff at the time of said payments, and tender of the interest in which default was by the plaintiff alleged.

Plaintiff, by replication, traversed all new matter contained in the answer. Upon the issues there was a jury verdict and judgment thereon for defendants.

In this appeal plaintiff complains that the trial court erred in submitting to the jury the question of agency, and thereunder contends that submission was not warranted as its evidence established that the Conservative Loan & Trust Company, its transferor, at the time of the defenses pleaded by defendants, was the agent of the defendants. To sustain this contention plaintiff relies on the loan contract between the loan company and the defendants, whereunder the loan company was constituted defendants' agent, the material part thereof being as follows:

"The agency herein created, and all authority conferred hereby, shall be and remain irrevocable, until said loan is fully paid; and in the procuring of such loan in collecting, receiving and forwarding interest and principal to the holder thereof, you are acting as my agent solely."

Defendants contend that the loan company upon transfer of the paper was constituted plaintiff's agent under a contract of guaran-

ty whereby it was covenanted by the loan company with plaintiff:

"That we shall attend to the collection of the principal and interest free of charge, and remit therefor as soon as collected. That we will watch over and look after the loan until it shall have been fully paid" —and that by virtue of this contract the payments so made were, in law, payments to the principal.

In our consideration of the issue of agency thus raised, it is sufficient to notice only certain salient points of the undisputed evidence. When the interest payments were made by defendants to the loan company, such payments were in turn made to plaintiff in cancellation of a like amount of interest coupons on the bonds of the loan company held by plaintiff as trustee. Thereupon plaintiff detached the matured interest coupons from the collateral note, and delivered the same to the loan company. These coupons were in turn by the loan company delivered to the defendants marked **"Paid."** There was nothing on the face of the paid interest coupons showing assignment of the paper. The mortgage contained a provision that the property covered thereby would be protected by insurance. Plaintiff made no inquiry concerning the policy of insurance which contained a mortgage payable clause in favor of the loan company. When the proceeds of the policy of insurance were paid to the loan company, it made proper entry on its books by credit of such payment to defendants and charged its account with plaintiff in like amount. Plaintiff did not learn of the loss of the property and of the payment of the proceeds of the policy of insurance by defendants to the loan company, until after insolvency of the loan company. The assignment whereunder plaintiff acquired the paper sued on was not placed of record. Plaintiff did not make any demand upon defendants prior to filing of the suit, and defendants did not know of plaintiff's ownership until then. The detailed evidence in relation to these vital points and the contracts relied on by the respective parties to sustain their contentions clearly raised the issuable fact of whether or not the loan company was acting in the capacity of agent for plaintiff, or for the defendants, at the time of the transactions relied on by defendants to defeat the action, which was by the court fairly submitted to the jury under the instructions.

It is well settled that in a suit on a promissory note, where the issue of agency is raised, as in this case, the fact thereof is for determination by the jury. Dandois v.

Raines, 115 Okla. 88, 241 Pac. 1099; International Life Ins. Co. v. Bradley, 114 Okla. 231, 246 Pac. 222; Walker v. Beveridge, 107 Okla. 147, 231 Pac. 217.

The fact that the loan company was constituted the agent of the defendants in the original transaction did not prevent the loan company from being constituted the agent of the plaintiff upon assignment of the paper. Union Cent. Life Ins. Co. v. Pappan. 36 Okla. 344, 128 Pac. 716.

In Dauel v. Rose, 123 Okla. 51, 251 Pac. 1000, wherein was involved in many respects a similar state of facts as in the case in hand, this court held that a contract identical in form to the one here relied on by defendants was sufficient to sustain the burden of proof, and to constitute the transferor the agent of the transferee.

Under the principles of the foregoing cases, and the state of the evidence upon the point in controversy, the court did not err in submitting the issue of agency to the jury.

The jury having found the issue against the plaintiff, and there being ample evidence in the record to sustain the verdict, the judgment of the district court is accordingly affirmed.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. p. 960, §731; 21 R. C. L. p. 822; 4 R. C. L. p. 1432; 6 R. C. L. Supp. p. 1285. (2) 2 C. J. p. 954, §727; 8 C. J. p. 1057, §1365.