SARAH SWARTHOUT, Appellant, v. STANLEY S. MEYERS and McLaughlin Loan Company, a Corporation. STANLEY S. MEYERS, Respondent.

(217 N. W. 160.)

**Principal and agent — loan company dealt with as possessing agent's authority, held to be agent.**

1. Where the plaintiff by want of ordinary care permitted a loan company, from whom she had purchased some promissory notes and received an assignment of the mortgage securing the same, to believe itself to possess all of the actual authority of an agent to collect and receive payments thereon, and dealt with it in such capacity such loan company became the agent of the plaintiff for said purposes.

Note.— (1) Possession of instrument as evidence of authority to collect debt, see annotation in 23 L.R.A. (N.S.) 414; L.R.A.1916B, 861; 21 R. C. L. 868; 3 R. C. L. Supp. 1198.

**Principal and agent — paying notes to owner's agent — entitled to discharge of mortgage.**

2. Where the defendant dealt with said loan company and paid to it the amount due on the notes and mortgage such payment satisfied his liability and he is entitled to have the mortgage discharged of record, even though he may not have had actual knowledge of the interest of the plaintiff or of the agency created.

Opinion filed December 29, 1927.

Agency, 2 C. J. § 256 p. 620 n. 62; § 279 p. 636 n. 16.

Appeal from the District Court of Towner County, *Kneeshaw, J.* Affirmed.

*Kehoe & Verret,* for appellant.

"The relation of agency does not depend upon an express appointment and acceptance thereof, but it may be, and frequently is, implied from the words and conduct of the parties and circumstances of the particular case." 2 C. J. 235.

"Circumstantial evidence is ordinarily competent to establish the fact or extent of an agency." 2 C. J. 944.

Agency cannot be established by proof of the acts of the professed agent, in the absence of evidence tending to show the principal's knowledge of such acts or assent to them. Reynolds v. Collins, 78 Ala. 94; Watson v. Race, 46 Mo. App. 546; Forsyth v. Day, 41 Me. 382.

"A person who deals with an agent does so at his peril. He is bound to know that the person with whom he deals is agent of the person whom he claims to represent and he is also bound to know the extent of such agent's authority." Corey v. Hunter, 10 N. D. 5, 84 N. W. 570.

"When the authority of the agent is questioned, the one who has dealt with him has the burden to establish it." Bernard v. Madsen, 52 N. D. 822, 204 N. W. 196.

"The importance of protecting the holders of commercial paper is so great that to warrant finding that a person who assumes to have authority to receive payment of the principal sum on any such paper, has such authority, possession of the paper itself by such person, or proof aliunde of express authority, is indispensable." Bartel v. Brown (Wis.) 80 N. W. 801.

Agency may be shown by proof of similar acts ratified by alleged principal but not by proof of dissimilar acts. Mills v. Berla (Tex.) 23 S. W. 910; First Nat. Bank v. Ridpath (Neb.) 66 N. W. 37.

*Traynor & Traynor,* for respondent.

"The mere fact that the agent has not possession of the notes or securities at the time of payment is not conclusive that he has no authority to collect the same, but is only a circumstance in determining the question." 2 C. J. 625.

"Authority in an agent and the fact of agency to receive payment of a mortgage for the holder thereof may be shown by other proof than that of the possession of the securities." Fitch v. Englehardt, 34 N. D. 187, 157 N. W. 1038.

"Nonpossession of the evidence of the debt is a fact of material importance in determining whether agency, with consequential authority to receive payment, existed, but it is not necessarily controlling. All the facts considered together may be such as to repel the presumption which arises from the retention of the custody of the instruments evidencing the obligation." Robinson v. Swansen, 54 N. D. 573, 209 N. W. 982.

Burr, J. The plaintiff commenced this action to foreclose a real estate mortgage and the defendant Meyers defended on the ground that the mortgage debt was paid. It is conceded by the plaintiff that the defendant paid to a corporation known as the McLaughlin Loan Company of Cando, North Dakota, the full amount secured by the mortgage. The trial court found this company was the agent of the plaintiff to receive the payment and ordered judgment for the defendant. The plaintiff appeals and demands a trial de novo.

As stated very concisely by appellant's counsel in his brief: "The only question involved is one of agency. If the evidence adduced at the trial is sufficient to prove that the McLaughlin Loan Company was the agent of the plaintiff Mrs. Swarthout when it received the last payment on the mortgage involved—then the judgment of the district court is correct and the mortgage should be cancelled, otherwise the plaintiff should recover judgment for the foreclosure of her mortgage."

In 1922, the McLaughlin Loan Company, a corporation, made a five year loan to the defendant Meyers and as security therefor took a

mortgage upon his land. There was the usual first mortgage note with interest coupon notes attached, and the second mortgage taken for commission. The notes were made payable at the Cando National Bank and it appears that the officers and stockholders of the McLaughlin Loan agency were to a large extent officers and stockholders of the Cando National Bank. Both corporations had their offices in the same building, but they were two separate corporations. The principal note and mortgage were assigned to the plaintiff, the notes being endorsed in blank, and the assignment placed on record. The notes, the mortgage, and the assignment were forwarded to the plaintiff. The defendant had no personal knowledge of this assignment. True, he had constructive notice because of the record; but the undisputed testimony shows that he knew nothing about the plaintiff or her interest in the loan. So far as the plaintiff herself is concerned she took no active part in the transaction. All communications between her and the loan agency were carried on by her husband, Dr. Swarthout, and she concedes that whatever Dr. Swarthout did was her act. The McLaughlin Loan Company agency transacted considerable business for the plaintiff, having sold her some 15 or 16 loans including the one in issue. There is nothing in the evidence to show plaintiff ever requested defendant to make payments to her and not at the Cando National Bank nor that she requested the Cando National Bank to forward any payments which may have been made there. The defendant paid his interest quite promptly, always making the payment to the loan company, and the loan company remitted these interest payments to the plaintiff together with payments by other debtors by draft through the Cando National Bank. Hence during all of these transactions the plaintiff knew that the defendant was not paying the money into the Cando National Bank, but was paying it to the original payee. Dr. Swarthout, in his cross examination stated in answer to the question: "You understood that when the note recites that it was payable at the Cando National Bank that it was the same thing as payable at the McLaughlin Loan Company"—"Yes, supposed to be the same thing." He further states the loan company "claimed they were" part of the bank and said it was immaterial whether he sent the note to the company or to the bank. In 1920, the loan company had written to Dr. Swarthout that "all interest will be collected and taken care of free of charge as in the

past." The note itself has on the face, immediately above the date line, the statement: "Negotiated by

> D. F. McLaughlin
> at Cando National Bank,
> Cando, No. Dak."

and a similar statement on the back. The plaintiff never sent any of the coupon interest notes, nor the principal note to the bank for collection, or for the purpose of having any payments endorsed thereon. Therefore if the defendant had made payment to the bank he would not have found the interest coupon notes there so as to get them when the payment was made. It is true the plaintiff did not need to notify the debtor of her assignment or her interest in the mortgage. She had placed the assignment on record. That was constructive notice, but she did know the defendant was transacting the business through the loan company. She had considerable correspondence with the loan company regarding all of her business affairs and from time to time, prior to the time of the making of the last payment by the defendant, had written regarding all her business and what the loan company was to do. Among such letters introduced in evidence we find the following:

"I wish you would let me know the property that I will have to pay the taxes on and the amount of same. Can you go with me on the rounds to visit the several properties that we have claims on, as I think I can make arrangements to come out there."

It is the claim of the plaintiff that the loan company was the agent of the defendant. It is clear the defendant never considered the loan company his agent. He knew nothing about the assignment. He supposed he was paying to the original payee, and therefore any transactions he had with the company, so far as this transaction was concerned, were based on the theory of debtor and creditor. In the year 1924, the defendant not only paid the interest due but also paid to the loan company one half of the principal. The loan company then wrote to the plaintiff as follows:

"We accepted the endorsement on the $1,500 loan of $750 figuring that it would be acceptable to you in lieu of the fact that you may have to pay taxes on some other loans."

The plaintiff accepted the payment and did not repudiate the act of the loan company in doing business for her. In 1925, though the loan

56 N. Dak.—20.

was not due, the defendant paid the accrued interest and remainder of the principal to the loan company, and the company wrote as follows:

"Mr. Stanley S. Meyers was in this morning and wanted to pay up his loan in full to date although it is not due until January 25th, 1927. If this is satisfactory with you kindly send up the bond note, mortgage, application, assignment and abstract as early as convenient."

The payment was in fact made. The letter was received but no reply sent, so far as the record shows. It is significant however, that plaintiff at no time after this payment inquired as to why this debtor, usually so prompt in paying his interest had not paid the interest due. No letter of inquiry was sent to the loan company, no notice sent the debtor, no inquiry made of him. This amount was entered on the books of the company to the credit of the plaintiff, the same as collections from other debtors and previous collections from the defendant, though the evidence is silent as to plaintiff's knowledge as to these entries; there being no answer to the question, but the intimation is the plaintiff did not know. . This payment was never remitted to the plaintiff.

It is not contended there was any ostensible agency as it is conceded the defendant knew nothing of any assignment. In the absence of such knowledge he could not have relied upon any dealings between the plaintiff and the loan company. He did not know of the existence of the plaintiff nor of her interest. He supposed he was dealing with his creditor. If the plaintiff be bound by the acts of the loan company she is bound because of her acts which made the company her agent in fact in the matter of this collection.

As the note was payable at the Cando National Bank, the plaintiff, when she bought the note necessarily agreed to carry out its provisions and have the note and coupons at the bank for payment. True the amount due could have been deposited by the debtor in the bank on the day of payment, and thus he could have relieved himself of liability, but he did not. Plaintiff knew that he was not doing so, but depended on the company to collect and remit. She made no attempt to enter into communication with the debtor. The evidence shows that when the loan company wrote to her:

"We wish you would send us for collection all past due interest coupons so that they will be in our files at the time our customers come in

to pay up for the year and we will not be likely to overlook them if they are here."

She replied:

"About the coupons will say when the coupons are cut off and sent away, it is hard for us to keep track of them, so we would much rather they would send the remittance and we will send the coupon."

There was no intimation on her part that she considered the loan company the agent of her debtor. The reason for not sending the coupons is not based on lack of agency but on the question of convenience. If the loan company were the agent of the defendant in this case it would also be the agent of the debtors in all of the other loan transactions had, as the correspondence is general in its nature, and deals with all of them.

The testimony of Mr. Eastling, secretary of the loan company from 1924 to 1926, shows the company handled the Swarthout business, paid taxes on the lands for her to prevent them going to tax sale, had on one occasion at least furnished seed (though it does not appear she was notified of this), notified her debtors of the due dates of their interest payments, advised her of past due loans, and as he says: "In so far as my position was concerned I had no reason to believe that we did not have complete authority to handle the loans and collections of Dr. Swarthout and his wife as the previous record disclosed that they had handled everything for him in the past." There was a motion to strike out this testimony, which was overruled. As actual agency may be created by intentionally allowing an agent to believe he had authority, this testimony was competent. The company records show the account kept with the Swarthouts and credits and debits allowed and charged. This witness testifies the company handled "the collection of all of the items of the Swarthout loans" so far as he knew. True he admits the company was protecting its own interests at the same time, but there is no intimation the company ever considered itself the agent of the debtors. The only outside interest it had was the interest of the plaintiff in her relation to these debtors.

Plaintiff relies upon the rule set forth in Trubel v. Sandberg, 29 N. D. 378, 150 N. W. 928. In this case "defendant paid the amount due upon a mortgage note to an investment company, which assumed to act as agent of the assignee of the mortgagee, but who did not have

possession of the note, and who embezzled the funds." On examination of the facts in that case it was held the testimony was "insufficient to show that the investment company was agent for plaintiff in making such collections." It is apparent, therefore, that where a debtor pays to an investment company who assumes to act as agent the debtor must prove that the company is the agent in the case. The fact that the note was not in the possession of the investment company assuming to be the agent is not conclusive proof of the lack of authority though it is a material fact to be taken into consideration. See Robinson v. Swenson, 54 N. D. 573, 209 N. W. 982; 21 R. C. L. 868. Section 6336 of the Compiled Laws says, "an agent has such authority as the principal actually or ostensibly confers upon him." In § 6337 actual authority is defined as "such as a principal intentionally confers upon the agent or intentionally or by want of ordinary care allows the agent to believe himself to possess." It is quite evident therefore that the actual authority does not depend upon the knowledge of the debtor. It is the relationship between the plaintiff and the supposed agent. Even if the plaintiff did not intentionally and with due deliberation make the loan company her agent yet if in all of her transactions she so acted in relation to this agent as to intentionally or by want of ordinary care allow the agent to believe he possessed the power which he exercised then she cannot complain if he exercised such power. In Bernard v. Madsen, 52 N. D. 822, 204 N. W. 196, we have a case more in point where a bank notified the agent of the creditor that the debtor desired to pay his note and mortgage. In the case at bar the loan company notified the agent of the creditor that the debtor desired to pay his note and mortgage. In the case cited the creditor forwarded the papers to the assumed agent. Of course, this was not done in the case at bar, but the failure to have the note there or to send the note is not conclusive proof of lack of agency. In this case the loan company was the actual agent of the plaintiff to receive payment of notes in loans purchased by the plaintiff from the assumed agent,—in fact all her business was done through this company. She knew nothing about the defendant nor made any attempt to transact any business with him. Her claim that she supposed the loan company was the agent of the debtor might have force if she had dealt with the debtor, or if her dealings with the loan company to begin with had been on behalf of the debtor. But her business trans--

actions with the loan company from the first had no reference to the defendant. She was an investor buying from the loan company and the loan company agreed with her to collect her accounts, and remit them to her without cost to her. In other words the loan company offered to be her agent without pay and she accepted this offer, and accepting the offer made no attempt to deal with the debtors. Her failure to send the notes and coupons has been explained by herself as a matter of convenience for herself. The fact that her agent did not tell her the money had been paid but stated merely that the debtor had offered to pay does not affect the case if the company were her agent to receive payment, and received the payment. Th decision of the trial court holding the loan company to be the agent of the plaintiff is correct and the judgment therefore is affirmed.

BIRDZELL, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.