[No. 3329. July 22, 1929.]

AMERICAN LIFE INS. CO. OF DETROIT, MICH., v. BRIAN et al.

[279 Pac. 561.]

Easterwood & Thompson, of Clayton, for appellant.

Fred E. Dennis, of Clovis, and W. A. Gillenwater, of Santa Fe, for appellees.

OPINION OF THE COURT

PARKER, J. A suit to foreclose a mortgage was brought by appellant against appellees. The defense of payment was interposed by appellees and sustained by the district court, and the complaint dismissed, from which judgment appellant has appealed. That appellees paid the money with which to discharge the mortgage is undisputed. The money was paid to the F. B. Collins Invest-

ment Company, a corporation of Oklahoma City, Okl., which made the loan originally. The mortgage had been assigned to the American Life Insurance Company of Des Moines, Iowa, and by it to the American Life Insurance Company of Detroit, Mich., the plaintiff and appellant here. The question in the case is whether the F. B. Collins Investment Company was as a matter of fact the agent of the appellant to receive the payment of the loan. If so, the loan is paid and the mortgage discharged, notwithstanding the agent did not, at the time of payment, have in its possession the papers evidencing the loan and the security, and notwithstanding no specific authority had been given the agent to receive the payment for the principal. There can be no doubt about the law on this subject, and, in fact, we do not understand it to be disputed by counsel.

The district court made a careful and painstaking examination of the proofs offered, and found as a fact that the F. B. Collins Investment Company, by reason of a course of dealing between it and the appellant, had implied authority to receive the payment as agent of the appellant. The evidence shows that beginning April 17, 1922, and continuing until the F. B. Collins Investment Company went into liquidation, the appellant intrusted to the latter the collection of interest and principal on all of its loans in New Mexico and the payment of taxes due on the properties covered by its loans, receiving from time to time large sums of interest and principal, and no other person or corporation is shown to have been charged with any such duty. How under such circumstances the F. B. Collins Investment Company could be said not to be the agent of appellant, with authority to receive the Brian loan, which to appellant's knowledge from notices from the F. B. Collins Investment Company was to be paid when due, we are unable to understand. It was in the regular course of business between these two concerns, and with notice and without objection on the part of appellant, as appears from Exhibit A-109, p. 489, of the transcript.

We do not deem it necessary under these circumstances to cite many cases upon this subject. See, however, In-

ternational Life Insurance Co. v. Bradley, 114 Okl. 231, 246 P. 222; Illinois Bankers' Life Ass'n. v. Grayson et al., 125 Okl. 81, 256 P. 894; Swarthout v. Meyers, 56 N. D. 301, 217 N. W. 160; Dauel v. Rose et al., 123 Okl. 51, 251 P. 1000.

It follows that the judgment of the district court is correct, and should be affirmed, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

CATRON and SIMMS, JJ., did not participate.