106 P.2d 540

**STANFILL v. BELL et al.**

No. 4563.

Supreme Court of New Mexico.

Oct. 17, 1940.

C. C. Davidson, of Tucumcari, and Reed Holloman, of Santa Fe, for appellant.

M. B. Keator, of Tucumcari, for appellees.

BRICE, Justice.

The question is whether the original payee of a note transferred to another was agent of the holder with authority to collect it.

The plaintiff (appellant) bought from C. A. Head (defendant Hamilton's intestate), who was the original payee, a promissory note, of which the defendant Bell was the maker and payor. Three months before the note was due by its terms, Bell, without knowledge of the transfer to plaintiff, paid to Head the amount thereof. At the time of payment, Bell

requested of Head the delivery of the note, and was told by him that he did not have it, but that he would send it by mail. Head appropriated to his own use the money paid to him by Bell. This action was brought against Bell as maker, and Hamilton as representative of the deceased Head upon Head's endorsement.

Head sold some seventy-five to a hundred notes of various makers to plaintiff, and by a course of dealing between them Head collected practically all at plaintiff's suggestion. Usually plaintiff notified Head of the approaching maturity of a note or notes, and in practically every instance (the instances to the contrary were negligible) Head collected the notes directly from the makers, as though he were the owner.

The defendant Bell knew nothing of this course of dealing, but paid the note in the belief that Head was the owner and holder. The court concluded from the facts stated that Head was the agent of plaintiff, duly authorized to receive payment, though not known so to be by defendant Bell; that Head having authority to receive payment, the note was paid when the money therefor was paid to Head; that plaintiff could not recover from defendant Hamilton (Head's administrator) because the action was upon Head's endorsement and as the note had been paid the endorser was released.

The evidence amply sustains the conclusion of the trial court that Head was plaintiff's agent, with authority to collect

the note in question; although this relationship was unknown to defendant Bell, who at the time of payment believed that Head was the owner of the note.

The contention seems to be that as Head's agency was unknown to defendant Bell, that payment to him upon the assumption that he was the holder of the note, and not as Bell's agent, was in fact not payment; and that the nonpossession of the note by Head was conclusive proof of his lack of authority to collect it.

If, as the trial court found (and there was substantial evidence to support the finding), Head was plaintiff's agent, authorized to collect the note sued on, it is entirely immaterial that this relationship was unknown to defendant Bell, or that Bell was not in possession of the note at the time of payment. American Life Ins. Co. v. Brian, 34 N.M. 215, 279 P. 561; Pfeiffer v. Heyes, 166 Wash. 125, 6 P.2d 612; Springfield Nat'l Bank v. Jeffers, 266 Mass. 248, 165 N.E. 474; Colorado Nat'l Bank v. Rehbein, 88 Colo. 547, 298 P. 952; Caton v. Andalusia Nat'l Bank, 216 Ala. 415, 114 So. 75; First Nat'l Bank v. Rasmussen, 57 N.D. 208, 220 N.W. 840; Annotation VI, 103 A.L.R. 663; Hoffman Bros. v. First Nat'l Bank, 159 Okl. 81, 14 P.2d 412.

Nonpossession of the instrument is strong evidence that Head was not the owner of the note, and that he was not authorized to collect it, but it is not conclusive. Pfeiffer v. Heyes, supra; Robinson v. Swenson, 54 N.D. 573, 209 N.W.

982. The trial court did not err in sustaining the plea of payment.

The trial court concluded that as defendant Hamilton, administrator, was sued upon Head's endorsement, the endorser was released upon payment of the note. The judgment denying plaintiff relief against the administrator is not attacked in this court.

It follows that the judgment of the district court should be affirmed.

It is so ordered.

BICKLEY, C. J., and ZINN, SADLER, and MABRY, JJ., concur.