Berry CARTER, d/b/a Berry Carter Plumbing Company, Plaintiff in Error,

v.

Nell M. SIMPSON and George T. Rose, Defendants in Error.

No. 37215.

Supreme Court of Oklahoma.

Oct. 23, 1956.

Jimmie Whiteley, Tulsa, for plaintiff in error.

Frank Leslie, Tulsa, for defendants in error.

PER CURIAM.

The parties occupy the same relative position here as in the trial court and will be referred to as they there appeared.

Plaintiff instituted this action in the Court of Common Pleas of Tulsa County on April 7, 1955, against Nell M. Simpson, George T. Rose, Jim Bower and Sally Bower, to recover $443.80 with interest and attorney's fee, alleged to be the balance due on a certain bill of plumbing furnished by plaintiff and placed in a building owned by the defendants, Nell M. Simpson and George T. Rose.

In his petition plaintiff alleged that on or about the 3rd day of November, 1954, he entered into an oral agreement with the defendants, Jim and Sally Bowers, by which he was to furnish certain materials and perform certain work for a plumbing job on a certain building located on certain described ground in the City of Tulsa, owned by the defendants, Nell M. Simpson and George T. Rose, and leased by the Bowers; and that the plumbing work performed by plaintiff pursuant to said agreement made improvements upon said property. He further alleged that materials and services were last furnished under the

contract on the 25th day of November, 1954; that he filed his lien statement on March 21, 1955; and that the defendants, and each of them, are indebted to him in the sum of $443.80, with interest thereon at 6 per cent from the 25th day of November, 1954, and costs, including a reasonable attorney fee. He prayed for foreclosure of the lien and attached to his petition an itemized statement of account as against defendant Jim Bower, and incorporated his lien statement in his petition by reference.

In their answer to plaintiff's petition, the defendants, Nell M. Simpson and George T. Rose admitted they owned the real property and building described in the petition, and that Jim and Sally Bower were the lessees of said property under a written contract existing between them and the Bowers. They expressly denied that the Bowers, or either of them, were acting as their agents, or were authorized by them, to act for them in any capacity, when, or if they employed plaintiff to do any work on said building. They further stated that they had no knowledge of any contract between the Bowers and plaintiff, and specifically denied that they ever employed or contracted with plaintiff to do any work on said building, and were indebted to plaintiff in any sum of money.

At or before the trial, it was stipulated between the parties, that plaintiff did the work and furnished the material as alleged in his petition; that the amount sued for constituted a reasonable charge; that the defendant, Bower, contracted for the performance of the work; that the Bowers held only a leasehold estate in the property; that the lease commenced on November 1, 1954, was for a period of one year, and was terminated under its terms by the Bowers filing a bankruptcy proceeding; that the defendants, the Bowers, were discharged in bankruptcy; that the claim covered by the lien statement was among those listed in their application; that the date of their discharge was May 17, 1955; and that such bankruptcy proceeding discharged the Bowers as to anything they might owe plaintiff by reason of said claim.

With the above stipulation the case was presented to the court upon two issues. First: Was the work performed and materials furnished an improvement to the property? Second: Was part of the consideration for the lease between the defendants, Rose and Simpson, and the Bowers, such improvements to the property?

Plaintiff testified that he did the plumbing work under an oral contract with the Bowers; that this contract was only with the Bowers; that he had never talked with either the defendant, Mrs. Simpson, or Mr. Rose; that in the performance of the work under the contract, he had hooked up a hot water heater, a unit heater for heating the building, and a three compartment sink, all furnished by the Bowers; that he ran a gas line from the front of the building back to these fixtures; that he installed a grease trap and floor drain in the building, and a two inch line from this trap and drain out of the building to a new sewer of approximately 25 feet in length, which he installed and connected with the old sewer on the property; that in making the installation of the grease trap and drain and the two inch pipe it was necessary to break up the concrete floor of the building; that the building was then occupied by a barber shop and jewelry store; and the heating units were still in the building.

The defendants, Jim and Sally Bower, as witnesses for plaintiff, testified to the effect that they rented the building from Mrs. Simpson; that without the work that was done it was not suitable for a cafe; that they informed her they were renting it for cafe purposes; that it would be necessary to install a heating unit, a hot water heater, and change some of the plumbing as well as do some partition work and painting; that, in arriving at the rental rate, nothing was said concerning the plumbing; that there was some discussion relative to painting to the effect that if the defendants, Simpson and Rose, painted the property they would have to have $125 per

month for it, or, if not, they would rent it for $100 per month; that they finally leased the property upon agreeing to pay a monthly rental of $100 therefor.

At the conclusion of plaintiff's evidence, the defendants, Simpson and Rose, demurred thereto, and the court reserved ruling thereon. Thereupon, the defendants, Simpson and Rose, introduced the written lease contract between them and the defendants, the Bowers; offered no further evidence and rested their case. Thereafter, after briefs by the parties had been submitted, the court entered judgment in favor of the defendants. After plaintiff's motion for a new trial was filed and overruled, he perfected this appeal.

The only question we deem necessary to determine here is: Whether or not the estate and interest in the property of the defendants, Simpson and Rose, is chargeable with the statutory lien for the labor and materials furnished.

Title 42, O.S.1951, Section 141, under which the lien is claimed, provides:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, alteration or repair of any building, improvement or structure thereon or perform labor in putting up any fixtures, machinery in, or attachment to, any such building, structure or improvement; * * * shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. If the title to the land is not in the person with whom such contract was made, the lien shall be allowed on the buildings and improvements on such land separately from the real estate."

It will be observed that this statute provides for a lien where the contract is made with the owner, but if the land on which the material and labor is furnished is leased, and the title is not in the person contracting, the lien is on the improvements and leasehold estate, and not on the land; that is to say, the lien attaches only to the estate and interest owned by the person making the contract.

The evidence in the instant case clearly discloses that plaintiff was contracting only with the lessees. Though he might not have had actual notice and knowledge of the lease under which the Bowers were operating he was put on constructive notice and inquiry by the public records showing that the Bowers did not own the property. See 57 C.J.S., Mechanics' Liens, § 57 at note 91.

Under the terms of the written lease no authority, either express or implied, was granted lessees to act for, or on behalf of, the owners of the property in contracting for any type of improvements on their building. To the contrary, the lease expressly provided that the defendants, Simpson and Rose, were to be held free of any costs incidental to the occupancy of the building. Thus, since no agency existed, we must conclude, under the statute above and the rules of this court in the case of Deka Development Co. v. Fox, 170 Okl. 228, 39 P.2d 143, and cases therein cited, that the lien, if any, could extend no further than the improvements, if any, constructed by plaintiff. This being true, the estate and interest owned by the defendants, Simpson and Rose, is not chargeable with the statutory lien for the labor and materials furnished.

We find no merit in the theory advanced by plaintiff that the defendants, Simpson and Rose, at any time, ratified the action of the Bowers in contracting with plaintiff for the plumbing, especially since the work that was performed was for the peculiar benefit of the Bowers rather than that of the defendants, Simpson and Rose.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative

opinion was written by Commissioner Jean R. Reed, and approved by James H. Nease and J. W. Crawford, Commissioners, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.