Per Curiam.

We find that the court correctly determined that plaintiff had a lien against the fee interest in the sum of $6,704.08. The previous relationship of the principals of the corporate landlord and tenant, the clear purpose of the lease, the authorization to build, the agreement of the landlord to contribute $500,000 toward the cost of the structure and the beneficial interest accruing to the landlord, unlike the facts in Mitchell & Son v. Blessington (N. Y. L. J., March 16, 1964, p. 15, col. 4, affd. 24 A D 2d 934), all support the finding that the landlord consented to the work (Burkitt v. Harper, 79 N. Y. 273; Jones v. Menke, 168 N. Y. 61; Gescheidt & Co. v. Bowery Sav. Bank, 251 App. Div. 266, affd. 278 N. Y. 472; Osborne v. McGowan, 1 A D 2d 924). Having consented to the improvement, the owner may not, at the same time, stipulate with one other than the lienor that such consent shall not give rise to a lien (see Lien Law, § 34; Heist Ohio Corp. v. Bethlehem Steel Co., 20 A D 2d 201). The defense, however, was not so devoid of merit as to constitute a fraud on the court, and the motion to vacate the order opening the default was properly denied. The tenant’s breach of the lease in that respect requires that the landlord have judgment over against the tenant for the amount of the judgment.
Since the amount of the advances remaining unpaid was $376.84, the court correctly awarded a first lien in that amount in favor of the defendant Coleman Capital Corporation (Lien Law, § 13). However, it was error to grant judgment to Coleman beyond that amount, since no balance remains due to *500 Coleman’s assignor after plaintiff’s lien is satisfied. To the extent that the defendant 43rd 'Street Estates Corp. paid creditors of Coleman’s assignor, it reduced the latter’s liability to its subcontractors and suppliers, and the assignor was not entitled to receive such sums from 43rd Street Estates. Since the assignee’s contractual rights are derivative, it may not receive what its assignor could not.
As to the suppliers, however, by executing the guarantees defendant 43rd 'Street Estates supplemented its obligations under the contract and Lien Law. Inasmuch as the sums paid in discharging these guarantees were so paid subsequent to the filing of the mechanics ’ liens, the payments may not be charged, against the fund available to pay the other lienors.
The judgment should be modified, with $30 costs to defendant 43rd Street Estates Corp., against defendant Coleman Capital Corporation and $30 costs to the defendant Imperial Realty against 43rd Street Estates Corp., to the extent of reversing so much thereof as awarded the defendant Coleman the sum of $5,752.81, and established a lien in its favor in excess of $376.84, and directing judgment in favor of the defendant Imperial against the defendant 43rd Street Estates for the sum awarded^ against it; otherwise affirmed, with $25 costs to the plaintiff.
Concur — Markowitz, J. P., Gold and Strut, JJ.
Judgment modified, etc.