**UNI–BUILD CORPORATION, a Colorado corporation, Plaintiff**

**Beaudoin Construction Co., a Colorado Corporation, Defendant-Appellant,**

v.

**COLORADO SEMINARY, a Colorado Corporation, Defendant-Appellee.**

**No. 80CA0400.**

Colorado Court of Appeals, Div. I.

April 8, 1982.

Rehearing Denied April 29, 1982.

Certiorari Denied Aug. 30, 1982.

Arkin, McGloin & Devenport, P.C., Michael M. McGloin, Nancy B. Elkind, Denver, for defendant-appellant.

Henry, Cockrell, Quinn & Creighton, Victor Quinn, Peter J. Wiebe, Jr., Bradley Wilson, Denver, for defendant-appellee.

COYTE, Judge.

Defendant Beaudoin Construction Company (contractor) appeals from a judgment of the trial court denying recovery on a mechanic's lien claim filed against the property of defendant Colorado Seminary (owner). We affirm.

In 1977, owner executed a new lease to a tenant who then entered into an agreement with the general contractor to remodel the suite of offices it had rented. At the time the lease was executed, owner required the tenant to obtain from contractor a waiver of all claims arising prior to the owner's posting of the premises. The same day, owner posted the property in two conspicuous places with a notice of its non-liability pursuant to § 38–22–105(2), C.R.S. 1973. However, the evidence revealed that these notices were not kept up throughout the duration of the work.

The tenant apparently became insolvent, and contractor filed a mechanic's lien claim against the premises. The owner defended on the basis that it was not a party to the contract and had properly posted the premises against liability as required by § 38–22–105(2), C.R.S. 1973.

The trial court found that the premises had been properly posted, that owner was not a party to the contract, and that, thus, it was not liable to contractor on its claim.

Contractor first contends that since the owner's agent testified that the premises were not posted at a time near the completion of the job, the trial court erred in finding that the premises had been properly posted. We disagree.

Section 38–22–105(2), C.R.S. 1973, provides that any person seeking to avoid imposition of a mechanic's lien against its property must give notice of such non-liability by "posting and keeping posted a written or printed notice to the effect aforesaid, in some conspicuous place upon said land or upon the buildings or improvements situate thereon."

■ The purpose of this provision is to protect suppliers or laborers who enter upon a job site without knowledge of the owner's non-liability. If such a person does not receive the requisite notice because of an owner's failure to keep a notice of non-liability posted, then that person's claims would not be barred. However, once a person receives notice, whether it be by personal service or posting, the notice is effective as to that person for the entire period of construction.

■ Here, it is undisputed that the contractor knew of the posting and had, furthermore, waived any claims which arose prior to the posting. Contractor is, moreover, the only person claiming a mechanic's lien against the owner. As contractor received the requisite notice of the owner's non-liability, it cannot now claim that the owner's failure to keep the premises posted during the entire period of construction constituted a lack of notice to the contractor, so as to allow it to assert its claim.

In the lease arrangement with the tenant, the owner agreed to contribute $7500 to the remodeling. Contractor contends that this contribution makes the owner a party to the remodeling agreement and that, thus, it cannot avoid liability under the mechanic's lien claim. We disagree.

The owner was not a party to the contract merely because it was contributing some money toward remodeling as an inducement to the tenant to enter into the lease. There was no showing that there was a relationship other than landlord and tenant between the owner and the tenant. Furthermore, since the remodeling was done at the tenant's instance and for the tenant's benefit, the fact that the remodeling job would benefit the owner after the expiration of the lease would not inure to the benefit of the contractor in claiming a mechanic's lien on the property. *See Stewart v. Talbott,* 58 Colo. 563, 146 P. 771 (1915).

We have considered contractor's other assignments of error and find them to be without merit.

Judgment affirmed.

VAN CISE and TURSI, JJ., concur.